Wilkes-Barre Iron & Wire Works, Inc. and Pennsylvania Manufacturers' Association Insurance Company, Insurance Carrier, Appellants, v. Workmen's Compensation Appeal Board and Richard I. Meyers, Appellees.

Argued June 7, 1973, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*James P. Harris, Jr.,* with him *Harris, Johnston & Maguire,* for appellants.

*A. Peter Kanjorski, Jr.,* for appellees.

OPINION BY JUDGE MENCER, September 10, 1973:

On July 25, 1967, the claimant, Richard I. Meyers, suffered a severe injury to his lower right leg while

in the course of his employment with the Wilkes-Barre Iron and Wire Works, Inc. On August 15, 1967, claimant and his employer entered into an open agreement for compensation providing for total disability payments under The Pennsylvania Workmen's Compensation Act.[1] The agreement was approved by the Workmen's Compensation Board and payments were made accordingly.

On March 9, 1971, the employer filed a petition for modification, alleging that claimant's disability was limited to the industrial loss of his lower right leg. Following two hearings, the Workmen's Compensation Referee found continuing total disability and, in effect, dismissed the petition for modification. On appeal, the Workmen's Compensation Appeal Board (Board), without hearing new evidence, amended the determination of the Referee and held that the claimant had a continuing permanent partial disability and modified the open agreement accordingly. The employer then filed this appeal and we affirm the Board.

The party seeking to modify a compensation agreement has the burden of establishing the allegations upon which he relies. Where, as here, the decision of the Board is against the party having the burden of proof, the question on appellate review is whether the findings of fact[2] are consistent with each other and with the Board's conclusions of law and its order and can be sustained without a capricious disregard of competent evidence. *Sherred v. Pittsburgh*, 7 Pa. Commonwealth Ct. 401, 299 A. 2d 381 (1973). "To constitute a capri-

---

[1] Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §1 et seq.

[2] *Universal Cyclops Steel Corporation v. Workmen's Compensation Appeal Board*, 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973), held that the referee has the ultimate fact finding role and the Board may not disregard the findings of fact of the referee unless they are not supported by competent evidence or unless the Board chooses to hear new evidence.

cious disregard there must be a wilful and deliberate disregard of competent testimony and relevant evidence which one of ordinary intelligence could not possibly have avoided in reaching the result." *Brown v. Atlantic and Gulf Stevedores, Inc.,* 2 Pa. Commonwealth Ct. 481, 483, 279 A. 2d 372, 373 (1971).

The employer contends in this appeal that the claimant's injury is limited to the permanent loss of his lower right leg and, therefore, is a specific loss under Section 306(c) of The Workmen's Compensation Act, as amended, 77 P.S. §513, and compensable in accord with the limits of Section 306(c).[3] However, the record discloses that the evidence does not support this contention.

The attending orthopedic surgeon, Dr. H. Alex Smith, Jr., whom the employer called as its witness, testified as follows: "Q. Now, does the Claimant have some use of his right lower extremity? A. Yes, sir. Q. Can he walk with it? A. Yes, sir. Q. Can he walk unaided by a crutch or a cane? A. Yes. Q. Could you express the amount of disability of his right lower extremity? A. Disability he has left? Q. In a percentage—in an anatomical percentage, shall we say? A. Percentage that he has left? Q. Yes, percentage that he has left—either way. A. Well, it would be 40% left, and I felt—I said a 60% permanent partial disability in his right lower extremity. Q. You were present in the courtroom when the Claimant testified that he tended bar from July, 1971 through December, 1971. In your opinion, would his disability of his right lower extremity prevent him from doing this? A. I should think he could do that. Q. What are some of the other jobs that

[3] The test to ascertain whether a claimant is entitled to compensation under Section 306(c) is whether he has suffered the permanent loss of use of the injured member for all practical intents and purposes. *Verna v. Stabler,* 204 Pa. Superior Ct. 87, 203 A. 2d 578 (1964).

he could do? Could he be a watchman, for example? A. Yes, if it didn't require much climbing stairs. Q. Could he perform the job of a janitor? A. Yes. Q. Could he be a bench worker in a factory assembling things or inspecting them? A. Yes. Q. Could he be an elevator operator? A. Yes. Q. Could he be a ticket seller at a theatre or turnpike? A. Yes. Q. How does the disability in his right lower extremity limit him from physical activity? A. He couldn't do anything that required climbing; working at heights on a scaffold or doing heavy construction work that required doing a lot of lifting. Not anything where he would have to be on his foot constantly for long periods without rest."

Dr. Lewis L. Rogers, III, testified, as a witness for the claimant, as follows: "Q. Doctor, I would like you to listen to this question carefully and then I will ask a follow-up question: For the moment, in your professional opinion has Mr. Meyers lost the use of his right lower extremity for all practical intents and purposes? A. Not for all practical intents and purposes. He is able to stand on it and walk, he does not need a prosthesis, if that is what is meant. The use of the extremity has not been lost for all practical purposes. Q. Then your answer also would be with reference to the leg, it has not been lost for all practical intents and purposes, is that correct? A. That's right."

The only other witness produced at the hearing was the claimant, who testified that he had limitations on the use of his leg for employment purposes and that he experienced leg and back pains.

A consideration of the medical testimony presented establishes that the claimant has not suffered the permanent loss of use of his lower right leg for all practical intents and purposes. The employer, on the record before us, simply has not met its burden of proof except as to the modification of the open agreement to reflect the claimant's employment.

The Board's opinion well summarizes the record as it pertains to the extent of disability where it states: "Both physicians found claimant totally disabled for his time-of-accident work as a truck driver. Defendant's physician found a 60% partial disability of the lower right leg reflecting at least a 25% partial disability of the body as a whole. Claimant's physician, who did not treat claimant but who had examined him twice, in October of 1971 and January of 1972, found claimant totally disabled at the time of hearing on August 4, 1972, but thought he might improve. Claimant's disability is in fact partial for he has done work as a bartender from July of 1971 through December of 1971, part time work as a police department clerk from April of 1971 to approximately May of 1972, maintenance work for a housing authority from May of 1972 to the middle of July, 1972, and at the time of hearing in August of 1972 was employed as a police department clerk earning every two weeks a pay of $157.00. It is therefore necessary to amend the determination of the referee."

Accordingly, after a careful review of the entire record, we enter the following

### ORDER

Now, this 10th day of September, 1973, the award of the Workmen's Compensation Appeal Board is hereby affirmed. Accordingly, it is ordered that judgment be entered in favor of the claimant, Richard I. Meyers, and against Wilkes-Barre Iron & Wire Works, Inc., and Pennsylvania Manufacturers' Association Insurance Company for compensation for partial disability to be measured by two-thirds of the difference between claimant's actual earnings each week and $116.55, his average weekly wage, except that such compensation shall not exceed $42.00 per week. Deferred installments of compensation shall bear interest. Compensation for to-

tal disability shall be paid to July 15, 1971, and appellants shall take credit for compensation paid.