Servomation Corporation and Travelers Insurance Company, Appellants, *v.* Workmen's Compensation Appeal Board and Florence Unverzagt, Appellees.

Argued July 30, 1974, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Joseph J. Murphy*, with him *Murphy, Murphy & Murphy*, for appellants.

*Marvin I. Block*, with him *James N. Diefenderfer*, for appellees.

OPINION BY JUDGE WILKINSON, September 6, 1974:

As a result of an accident on June 27, 1968, claimant-appellee has been receiving workmen's compensation for total disability under a compensation agreement. Appellants filed a petition to terminate the compensation agreement alleging that all disability resulting from this compensable accident had ceased. Appellee filed an answer denying these allegations.

After procedural steps of no moment to the issue before us, hearings were held at which claimant-appellee testified, together with her medical expert, the orthopedic surgeon who treated her. Claimant-appellee's medical expert, her treating physician, gave as his opinion that she continued to be unable to return to work at her only occupation as a waitress, and that generally there was a 50% disability of the use of the left arm. Appellants offered the testimony of a quali-

fied orthopedic surgeon who gave as his opinion that she could return to work.

There can be no serious question, and appellants do not challenge, that the appellants had the burden of proving that the claimant-appellee's disability caused by the accident and covered by the compensation agreement had ended or that it had been reduced from total to partial disability and that work was available for which claimant-appellee was qualified and able to perform. *Barrett v. Otis Elevator Company*, 431 Pa. 446, 246 A. 2d 688 (1968) ; *Petrone v. Moffat Coal Co.*, 427 Pa. 5, 233 A. 2d 891 (1967).

The referee found and the Board affirmed that appellants had not met that burden. Appellants challenge the referee and the Board on the ground that appellant's orthopedic surgeon testified that any disability appellee may have had as a result of this accident had ended. Appellants assert that the referee and the Board must have arbitrarily and capriciously disregarded this competent testimony since they did not explain why it was not considered controlling. If there had been no competent medical evidence to the contrary, appellants' position might very well be well taken. However, when there is equally competent medical testimony to the contrary, as there is here, there is no legal requirement for either the referee or the Board to justify accepting one opinion rather than the other.

The point stressed by appellants is that it should not be their duty to show that work was available. Indeed, they argue that they have met their burden of proof and the court should take judicial notice that work is available for such a partially disabled person. Clearly, such is not the law. *Matrunics v. Ruffsdale Coal Co., Inc.*, 6 Pa. Commonwealth Ct. 420, 295 A. 2d 629 (1972).

In their brief and on oral argument, the appellants would treat this case as if this finding of the referee and the Board forever foreclosed the possibility of appellants showing that work was available that could be satisfactorily performed by this claimant-appellee in her present condition of disability. Obviously, such is not the case. What we are holding is that this record does not contain any competent evidence that was arbitrarily and capriciously disregarded bearing on the disability of claimant-appellee, and it does not contain any evidence of availability of work for which appellee was qualified and able to perform in her present state of disability. If such evidence is available, obviously a new petition to terminate or to modify may be filed.

Accordingly, we enter the following

## ORDER

Now, September 6, 1974, the order of the Workmen's Compensation Appeal Board which denied and refused Termination Petition No. 143,101 and directed that the defendant, Servomation Corporation, and/or its insurance carrier, the Travelers Insurance Company, pay compensation to the claimant, Florence Unverzagt, under Workmen's Compensation Agreement No. 613,189, at the rate of $40.00 per week, effective from January 13, 1969, and to continue with said weekly compensation payments to the present and into the indefinite future, until claimant's accidental disabilities have terminated, decreased or changed, subject to the limitations and provisions of the Workmen's Compensation Act and assessing interest at the rate of 6% per annum on all deferred payments of compensation, is affirmed.