Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and Robert V. Schmucker *v.* Dill Construction Company and Globe Indemnity Company, Appellants.

146

Argued May 8, 1975, before Judges KRAMER, MENCER and ROGERS, sitting as a panel of three.

*Robert C. Little*, with him *Burns, Manley & Little*, for appellants.

No appearance for appellees.

OPINION BY JUDGE KRAMER, July 3, 1975:

This is an appeal by the Dill Construction Company (Dill) from an order of the Workmen's Compensation Appeal Board (Board), dated October 17, 1974, which

affirmed a referee's denial of Dill's Petition for Termination of benefits. The Board's order also affirmed the referee's award of total disability benefits to Robert V. Schmucker (Schmucker).

Schmucker was injured in a fall on July 8, 1969, and, on September 4, 1969, Schmucker entered into a compensation agreement (for total disability) with Dill and its insurance carrier. Subsequent to this agreement, Dill filed a Petition to Modify the compensation agreement which, after hearing, resulted in a compromise providing for partial disability. These partial disability benefits were awarded in an order of the referee. Apparently believing that Schmucker's condition had further improved, Dill filed a Petition for Termination of benefits, which, after hearing, was denied by the referee on March 1, 1973. For reasons unexplained anywhere in the record, the referee's order not only denied the termination petition, but ordered payment for *total* disability as well. Dill appealed and the Board remanded for more definitive findings of fact. On remand, the referee again ordered the dismissal of the termination petition *and* an award of *total* disability benefits. The Board affirmed and Dill has appealed to us, contending that (1) the referee's findings of fact relevant to the termination petition are not supported by substantial evidence and were the result of a capricious disregard of competent testimony; and (2) that it was error for the referee and the Board to award Schmucker total disability benefits when the only matter formally presented for adjudication was Dill's petition praying for a termination of benefits.

An employer seeking to modify or terminate benefits has the burden of proving that the disability has diminished or ceased. *Servomation Corporation v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 199, 325 A. 2d 344 (1974). Consequently, our scope of review is as stated by Judge ROGERS in *Pomeroy's Inc. v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 270, 271, 325 A. 2d 349, 350 (1974):

> "Where the decision of the compensation authorities is against the party having the burden of proof, our review is for the purpose of determining whether the findings 'are consistent with each other and with the conclusions of law and the order and whether the determination below can be sustained without a capricious disregard of competent evidence. Patterson v. Lenart, 9 Pa. Commonwealth Ct. 116, 305 A. 2d 778 (1973). We view the evidence in the light most favorable to the party who prevailed below. The fact finder is not required to accept the testimony of any witness even though it is uncontradicted."

With regard to the denial of the termination petition, we are thus limited in this case to determining whether the referee capriciously disregarded competent medical evidence concerning Schmucker's continuing disability. We conclude that he did not, after a careful examination of the record.

Schmucker's medical witness, while equivocating on some matters, consistently offered the opinion that Schmucker was unable to do even mildly demanding physical activity. Dill's argument is based upon this doctor's statement that Schmucker might be able to perform work as a night watchman or plant guard, but it ignores the qualified nature of the responses made by the doctor. For example, while offering the opinion that certain manual activities might be within Schmucker's capacity, the doctor also noted that even walking up stairs might pose a problem for him. This record simply does not warrant our concluding that evidence of a complete recovery was capriciously disregarded.

We do, however, find error in the action below awarding total disability benefits to Schmucker. Without passing judgment on whether Schmucker is, in fact, eligible for such an award, we agree with Dill that the only issue properly before the compensation authorities was that joined by Dill, *i.e.* whether Schmucker's previously

recognized *partial* disability had ended. The only matter for disposition was Dill's termination petition, Schmucker having made no effort to modify the previous award. The referee has no authority in the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P. S. §1 et seq., to increase benefits *sua sponte.*

Accordingly, we ORDER

AND Now, this 3rd day of July, 1975, it is ordered that the order of the Workmen's Compensation Appeal Board in the above-captioned matter, dated October 17, 1974, is reversed insofar as it awards Robert V. Schmucker compensation for total disability; and, it is further ordered that the portion of the order of the Workmen's Compensation Appeal Board which affirmed the referee's denial of the Petition to Terminate benefits filed by the Dill Construction Company and its insurance carrier, the Globe Indemnity Company, is affirmed; and, it is further ordered that the Dill Construction Company and /or its insurance carrier, the Globe Indemnity Company, pay to Robert V. Schmucker compensation for partial disability at the rate of $45.00 per week, from November 17, 1970, representing payment consistent with the terms of the referee in the above-captioned matter issued on April 4, 1971, which order is hereby reinstated.