Workmen's Compensation Appeal Board of The Commonwealth of Pennsylvania and Thelma A. Sampson v. Brockway Glass Company, Inc. #7, Appellant.

Argued September 12, 1975, before President Judge BOWMAN and Judges KRAMER and MENCER, sitting as a panel of three.

*Harold V. Fergus, Jr.,* with him *Fergus, Martin and Fergus,* for appellant.

*David Jacoby,* with him *Tomar, Parks, Seliger, Simonoff & Adourian,* and *James N. Diefenderfer,* for appellees.

OPINION BY PRESIDENT JUDGE BOWMAN, October 28, 1975:

While at work on May 5, 1972, Thelma A. Sampson, the claimant, suffered a laceration of the palm of her left hand. As a result of her injury, the claimant's employer, Brockway Glass Company, Inc. #7, (Brockway) entered into an agreement and paid compensation to the claimant for total disability pursuant to Section 306(a) of The Pennsylvania Workmen's Compensation Act,[1] 77 P. S. §511. On June 5, 1973, Brockway filed a modification petition alleging that the claimant's disability had resolved itself into no more than a specific loss of use of two fingers on the left hand compensable exclusively under Section 306(c) of the Pennsylvania Workmen's Compensation Act, 77 P. S. §513. Hearings were held before a referee at which the claimant testified and then introduced the notes of testimony taken at the deposition of her treating physician. No medical witness testified on behalf of Brockway. On the basis of the evidence received the referee concluded that Brockway had failed to prove that the claimant's disability had resolved into the specific loss asserted and that she

1. Act of June 2, 1915, P.L. 736, *as amended.*

446

was otherwise disabled to the same extent at the time of the original agreement. The Workmen's Compensation Appeal Board affirmed the referee's decision and this appeal by Brockway followed.

In a proceeding to modify a compensation agreement for total disability it is clearly the employer's burden to prove the allegations upon which he relies. *Wilkes-Barre Iron & Wire Works, Inc. v. Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 612, 309 A.2d 172 (1973). And where, as here, the employer alleges that the claimant's injury is no longer compensable as a total disability under Section 306(a) of the Act but is rather compensable exclusively as a specific loss under Section 306(e), it must prove that the claimant now suffers only the specific loss and that the injury does not extend beyond that loss. *H. W. VanHorn v. Workmen's Compensation Appeal Board,* 12 Pa. Commonwealth Ct. 473, 316 A.2d 686 (1974). Thus, "[w]here an employe has lost the use of a leg [a specific loss under Section 306(c)] as a result of a compensable accident, he is not entitled to additional compensation for total disability under Section 306(a) of the act unless the injury extends beyond the leg." *Groncki v. Allegheny Pittsburgh Coal Company,* 204 Pa. Superior Ct. 465, 468, 205 A.2d 624, 626 (1964). *Accord, Pattersen v. Lenart,* 9 Pa. Commonwealth Ct. 116, 305 A.2d 778 (1973).

Here it was the employer's burden to prove that the claimant suffered a loss confined to the loss of use of her two fingers for all intents and purposes. The employer failed to meet that burden. The claimant's doctor testified unequivocally that she had not lost the complete function of these fingers for all practical purposes but that she only suffered a partial loss for some purposes. Moreover, the record is clear that her injury is not confined merely to the fingers but extends to the hand and to some extent radiates to her arm. The palm laceration itself resulted in permanent and painful nerve injury which in the doc-

tor's opinion amounted to an anatomical impairment of the hand reducing its use by one-third. The claimant's disability, therefore, had not been resolved into simply the specific loss of use of two fingers. The referee's finding in that respect, therefore, must be affirmed.

In addition, Brockway had failed to show that the claimant's disability had otherwise become less than total as virtually no evidence was presented with regard to her employability and the availability of work for her. The referee's findings and the Board's subsequent decision and order, therefore, must be sustained in all respects. Accordingly, we issue the following:

ORDER

AND, NOW, this 28th day of October, 1975, the decision and order of the Workmen's Compensation Appeal Board is affirmed and the petition for modification filed by Brockway Glass Company, Inc. No. 7 is hereby denied.