Workmen's Compensation Appeal Board of The Commonwealth of Pennsylvania and Phillips, w/o William *v.* Continental Meat Company, Appellant.

Submitted on briefs, October 10, 1975, to Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Edward Paul*, with him *Walter J. Timby, Jr., James M. Marsh*, and, of counsel, *LaBrum and Doak*, for appellant.

*George M. Bobrin*, with him *Bobrin and Land*, and *James N. Diefenderfer*, for appellees.

OPINION BY JUDGE ROGERS, November 19, 1975:

This is the appeal of an employer from a decision of the Workmen's Compensation Appeal Board affirming a referee's award of compensation on a fatal claim petition filed by the widow of William Phillips. Mr. Phillips died almost immediately after carrying a side of beef weigh-

ing in excess of 150 pounds across a Philadelphia street to a customer of his employer on January 19, 1972. There is ample evidence that this delivery was an unusual requirement of Mr. Phillips' employment and the appellant makes no issue on this point.

Mr. Phillips' body was examined on the day following his death by the Medical Examiner of Philadelphia who reported that the death was from natural causes. However, in February of 1973, Mr. Phillips' body was exhumed and an autopsy was performed by a Dr. Contostavlos who reported that the cause of death was occlusive coronary arteriosclerosis and that at the time of his death Mr. Phillips was suffering from a degenerative heart condition of several years duration.

At the referee's hearing the claimant adduced the testimony of Dr. Gambescia, a board certified internist who had treated about 50 heart patients during the year immediately preceding his testimony, that he had examined the report of a physical examination of the decedent made before his death, the records of previous hospitalizations, the autopsy report, and other records. In answer to a hypothetical question, Dr. Gambescia expressed the opinion that Mr. Phillips' death was brought on by the physical exertion employed in delivering the side of beef on the day of his death.

Dr. Contostavlos testified for the employer that his autopsy compelled him to conclude that Mr. Phillips' heart condition had existed for some time before his death, that Mr. Phillips could have died at any time and that the physical stress was not, in his opinion, the underlying cause of death. He admitted, however, on cross-examination, that the carrying of a 150 pound weight would be an "aggravating factor in anybody who had heart disease of any kind" and that "with his heart condition a severe physical exertion could bring on a heart attack."

The appellant argues that Dr. Gambescia, the claimant's physician, was not competent because he was not a

board certified cardiologist, and that his testimony should not have been accepted because it was based solely on the examination of records. The first difficulty with this argument is that no objection was made to Dr. Gambescia's competency at the hearing, nor to the hypothetical question which elicited his opinion. Further, there is no rule that an experienced physician licensed to engage in the treatment of heart diseases must be a board certified cardiologist in order to express a professional opinion as to the cause of a fatal heart attack in a workmen's compensation case.

It is the function of the referee to determine the credibility and weight to be given to medical testimony and he may choose to accept the testimony of one competent medical expert and reject the contrary testimony of another. *Servomation Corporation v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 199, 325 A.2d 344 (1974). Indeed, in view of the appellant's expert's concession that severe physical exertion could bring on a heart attack in one suffering from Mr. Phillips' preexisting heart condition, there is no clear conflict in the medical testimony. The employer's witness seems to be saying that Mr. Phillips could have had a fatal heart attack without exertion but that exertion could have caused such an attack. The claimant's competent expert opined that the death did indeed result from the physical exertion in an event described by witnesses. In light of all of the circumstances, including the fact that Mr. Phillips died almost immediately after struggling with the 150 pound load, the referee's finding that this unusual requirement of his employment caused the death is fully supported by the evidence.

ORDER

AND NOW, this 19th day of November, 1975, the appellant, Continental Meat Company, is directed to pay compensation to the claimant, Marie Phillips, at the rate

of $46 per week from January 20, 1972 until April 22, 1975, and thereafter at the rate of $39 per week during the claimant's widowhood, together with $750 towards burial expenses, with interest on deferred payments according to law.