383 A.2d 864

**Mary Jane McGEE, Appellant,**

**v.**

**L. F. GRAMMES & SONS, INC., Appellee.**

Supreme Court of Pennsylvania.

Argued Jan. 14, 1977.

Decided March 23, 1978.

144

Robert H. Dickman, Goldberg & Frankel, Philadelphia, for appellant.

Edward H. Feege, Hayes & Feege, Allentown, for appellee.

James N. Diefenderfer, Allentown, for Workmen's Compensation.

Before EAGEN, O'BRIEN, POMEROY, NIX and MANDERINO, JJ.

## OPINION

NIX, Justice.

On August 28, 1968, appellant's right thumb was crushed while she was working as a spot welder of small parts. Appellant and appellant's employer (appellee) entered into an agreement for compensation at a rate of $60.00 per week for an indefinite period beginning September 4, 1968. On July 30, 1970, appellee petitioned to terminate the agreement. The Referee denied termination of the agreement. The Workmen's Compensation Appeal Board thereafter vacated the Referee's Order and remanded the case for examination of appellant by an impartial physician. After the impartial physician testified before a new Referee, the agreement to pay compensation was suspended. The Workmen's Compensation Appeal Board affirmed the suspension and the Commonwealth Court affirmed the Board's order. The appellant was subsequently granted review by this Court.[1]

Appellant argues on appeal that the record demonstrates that she suffers a continuing disability due to her injury of August 28, 1968, entitling her to further payments under the agreement. In a proceeding to modify or terminate benefits pursuant to a compensation agreement, "it is clearly the employer's burden to prove the allegations upon which he relies." *Workmen's Compensation Appeal Board v. Brockway Glass Company, Inc.*, 21 Pa.Cmwlth. 444, 446, 346 A.2d 916, 917 (1975). *See also Workmen's Compensation Appeal Board v. Dill Construction Co.*, 20 Pa.Cmwlth. 145, 341 A.2d 537 (1975); *Servomation Corp. v. Workmen's Compensation Appeal Board*, 15 Pa.Cmwlth. 199, 325 A.2d 344 (1974); *Wilkes-Barre Iron & Wire Works, Inc. v. Workmen's Compensation Appeal Board*, 9 Pa.Cmwlth. 612, 309 A.2d 172 (1973). The claim of the employer in this case was that

1. This Court's jurisdiction is based on Section 204(a) of the Appellate Court Jurisdiction Act, 1970, July 31, P.L. 673, No. 223, Art. II, § 204, 17 P.S. § 211.204(a) (Supp. 1977–78), and on Section 903 of the Workmen's Compensation Law, 1915, June 2, P.L. 736, Art. IV, § 427 (11th para.) added 1972, Feb. 8, P.L. 25, No. 12, § 3, 77 P.S. § 903 (Supp. 1977–78).

appellant is no longer disabled as a result of the August, 1968 accident and that her inability to work is caused by reasons other than said accident. The findings of fact of the second Referee which are adequately supported by competent medical testimony clearly show that the employer did not satisfy his burden of proving these allegations. The Referee not only found that appellant still experiences some "loss of function of her right thumb as indicated by her difficulty in getting the same to her forefinger", but also that there is an absence of proof of the cause of the continuing disability, which cause "cannot be established with reasonable medical certainty."

Based on his findings of fact, the Referee made the following conclusion of law:

"The injury sustained by the Claimant on 27 [sic] August 1968 has not been proven to be the cause of the Claimant's present disability. However, and in view of the fact the Claimant does experience minimal residual disability, the employer has indicated it would not oppose an Order for suspension [as opposed to termination]."

Our scope of review is "limited to the question of whether the findings of fact support the Board's conclusions." *Utter et al. Appellants v. Asten-Hill Manufacturing Co.*, 453 Pa. 401; 405, 309 A.2d 583, 585 (1973). The only conclusion which may be arrived at from the Referee's findings of fact is that the employer did not satisfy his burden of proof in having failed to show either that the disability has ceased or that the continued disability is the result of an independent cause. Instead, the Referee erroneously shifted the burden of proving causation to appellant. Since the conclusion of law is not supported by the findings of fact, the compensation agreement should not have been suspended.[2]

We reverse the Commonwealth Court's affirmance of the Workmen's Compensation Appeal Board's Order and remand the matter to the Board for further proceedings consistent herewith.

---

2. Because of our reversal on this claim, we need not consider appellant's other arguments.

JONES, former C. J., did not participate in the consideration or decision of this case.

ROBERTS, J., did not participate in the consideration or decision of this case.

POMEROY, J., filed a dissenting opinion.

POMEROY, Justice, dissenting.

The referee ordered suspension of the compensation agreement between appellant and her employer based upon his determination that the original injury could no longer be identified as the cause of appellant's present disability.* The record supports the conclusion that the employer had met its burden of proof in this respect and that the referee's finding was supported, as the Board found, by "competent medical evidence of record." I see no reason for this Court to disturb the decisions of the referee, the Workmen's Compensation Appeal Board and a unanimous Commonwealth Court. See *McGee v. Workmen's Compensation Appeal Board, et al.*, 18 Cmwlth. 452, 336 A.2d 458 (1975). I would accordingly affirm.

---

*. Among the referee's findings of fact were the following:
"7. The Claimant is able to perform most manual occupations, and could do so as of 26 November 1968.
"8. There is absence of proof that the failure to bring her thumb to the forefinger is causally related to the Claimant's work injury.
"9. The cause of pain experienced by the Claimant in her right thumb cannot be established with reasonable medical certainty."