Martin Trucking Company and Continental Insurance Company, Petitioners v. Commowealth of Pennsylvania, Workmen's Compensation Appeal Board and Walter Andrushenko, Respondents.

Argued November 17, 1980, before President Judge CRUMLISH and Judges ROGERS and BLATT, sitting as a panel of three.

*Raymond F. Keisling, Will & Keisling,* for petitioners.

*Carmen F. Lamancusa, Caiazza & Lamancusa,* for respondent, Walter Andrushenko.

OPINION BY JUDGE ROGERS, December 8, 1980:

Martin Trucking Company (Martin) appeals the denial of the prayer of its petition to modify a workmen's compensation award to Walter Andrushenko, a former employee injured in a 1971 work-related accident.

Andrushenko, a truck driver, fractured his leg while hauling coal for Martin. A referee, the Board and this Court found him to be totally disabled as a result of that injury and benefits were awarded accordingly pursuant to Section 306(a) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §511.[1]

Martin filed a petition with the Workmen's Compensation Appeal Board to modify the award alleging a resolution of Andrushenko's disability to a specific loss of his leg which, it is argued, must be compensated not as a total disability but as a specific loss, the benefits for which are enumerated by Section 306(c) of the Act. At a referee's hearing Martin asserted that Andrushenko's leg had been amputated two months after the referee's earlier decision. Although no evi-

---

[1] *Martin Trucking Company v. Workmen's Compensation Appeal Board,* 30 Pa. Commonwealth Ct. 367, 373 A.2d 1168 (1977).

dence of the amputation was introduced, it is conceded that the operation took place. In addition, Martin directed the referee's attention to earlier testimony by Andrushenko to the effect that only his leg had been originally injured. The referee and the Board denied Martin's modification petition on the ground that Martin had not carried its burden of proving any decrease in Andrushenko's disability. We disagree with the Board's statement of an employer's burden.

In a proceeding to modify a compensation award the petitioner must prove the factual allegations on which it relies. *Wilkes-Barre Iron § Wire Works, Inc. v. Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 612, 309 A.2d 172 (1973). In the usual case the factual issue is that of whether the claimant's disability has increased or decreased. Section 413 of the Act, 77 P.S. §772. *See Banks v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 373, 327 A.2d 404 (1974). However where, as here, it is alleged, not that the extent of disability has changed but that the claimant's injury is no longer compensable as a total disability under Section 306(a) of the Act but is instead exclusively compensable as a specific loss under Section 306(c), the requisite showing on the facts is that the claimant now suffers only the specific loss and that the injury does not extend beyond that loss. *Workmen's Compensation Appeal Board v. Brockway Glass,* 21 Pa. Commonwealth Ct. 444, 446, 346, A.2d 916, 917 (1975). *See Irwin Sensenich Corp. v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 518, 327 A.2d 644 (1974); *Wilkes-Barre Iron & Wire Works, Inc. v. Workmen's Compensation Appeal Board, supra; Groncki v. Allegheny Pittsburgh Coal Co.,* 204 Pa. Superior Ct. 465, 205 A.2d 624 (1965).

We believe that the proper course is to remand the record to the Board for determination of whether Mar-

tin carried its burden to prove that Andrushenko as a result of the amputation suffers only the specific loss and that the effect of his injury does not extend beyond this specific loss; and we so order.

ORDER

AND NOW, this 8th day of December, 1980, the record is remanded for further proceedings consistent with this opinion.