549 A.2d 616

Reading Anthracite Company, Petitioner *v.* Workmen's Compensation Appeal Board (Earley), Respondents.

*James E. Pocius, Lenahan & Dempsey, P.C.,* for petitioner.

*Stephen P. Ellwood,* for respondent, Edward Earley.

OPINION BY JUDGE SMITH, October 26, 1988:

Reading Anthracite Company (Employer) appeals from a decision of the Workmen's Compensation Appeal Board (Board) which reversed the referee's decision granting a modification petition filed by Employer. Issues presented for review are whether the Board erred in denying Employer's modification petition for want of substantial evidence to support a finding of specific loss, and alternatively, whether Claimant, Edward Earley, waived his right to raise on appeal any deficiency in Employer's medical testimony as to the permanency of Claimant's injury.

On November 4, 1983, Employer filed a modification petition pursuant to Section 413 of The Pennsylvania Workmen's Compensation Act[1] (Act) alleging that Claimant's injury to his right knee has resulted in the specific loss of use of his right leg, and that Claimant's compensation should be modified as of August 23, 1983.[2] Employer further alleged that payment should cease after expiration of the mandated specific loss peri-

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §772.

[2] Claimant bruised his right knee while in the course of his employment on October 6, 1975. A notice of compensation payable was executed and payments began on November 14, 1975.

od of 435 weeks. *See* Section 306(6), (25) of the Act, 77 P.S. §513(6), (25).[3]

At hearing, Employer presented the deposition testimony of Dr. Raymond P. van den Hoven, a specialist in physical medicine and rehabilitation.[4] Based upon Dr. van den Hoven's testimony, the referee found that Claimant lost the use of his right leg for all practical intents and purposes as of August 23, 1983, the date Dr. van den Hoven examined Claimant; and that Claimant suffered from no disability other than the loss of his right leg as a result of his October 6, 1975 work-related injury. Findings of Fact No. 7; Conclusions of Law Nos. 2, 3.

Claimant appealed to the Board which reversed the referee and determined that Dr. van den Hoven's testimony was not sufficient to meet Employer's burden of proving that the loss of use of Claimant's right leg is permanent. Hence, this appeal.

This Court's scope of review is limited to ascertaining whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704. Moreover, where, as here, the employer alleges that a claimant's injury is no longer compensable as a total disability, but is instead exclusively compensable as a specific loss, the employer must show that the claimant now suffers only the specific loss and that the injury does not extend beyond that loss. *Martin Trucking Company v. Workmen's Compensation Appeal Board,*

---

[3] An award in favor of the Employer, *i.e.*, a finding that Claimant's injury has resulted in the loss of use of his right leg for all practical intents and purposes, would effectively terminate Claimant's compensation benefits as his benefits have exceeded the 435 week limitation. 77 P.S. §513(6), (25).

[4] Claimant presented no medical testimony.

55 Pa. Commonwealth Ct. 174, 422 A.2d 1225 (1980); *Workmen's Compensation Appeal Board v. Brockway Glass Company,* 21 Pa. Commonwealth Ct. 444, 346 A.2d 916 (1975). This Court must therefore determine, in light of the entire record, whether the Board erred in finding that Employer failed to sufficiently establish that the loss of use of Claimant's right leg is permanent.

Eligibility under Section 306 of the Act depends upon whether Claimant has suffered the permanent loss of use of the injured member for all practical intents and purposes. *"However it is not necessary that the injured member of the claimant be of absolutely no use in order for him to have lost the use of it for all practical intents and purposes." McGraw Edison Power Systems Division v. Workmen's Compensation Appeal Board,* 64 Pa. Commonwealth Ct. 111, 114, 439 A.2d 868, 870 (1982) (emphasis in original).

Employer first argues that the Board committed an error of law in holding that the referee's finding of permanent loss of use of Claimant's leg was unsupported by Dr. van den Hoven's testimony in that permanency can be inferred therefrom. Employer alternatively argues that Claimant waived any issue regarding Dr. van den Hoven's testimony as to permanency in not raising it either in his appeal from the referee's decision, or in argument or brief before the Board. Employer's arguments will be addressed *seriatim.*

This Court initially notes that the referee made no finding of permanency of the loss of use. Rather, the referee made findings only that Claimant lost the use of his right leg for all practical intents and purposes, and that no disability other than the loss of his right leg existed. Review of the record, including testimony from Claimant and Employer's physician, indicates that substantial evidence exists to support the referee's findings.

Dr. van den Hoven described Claimant's complaints as follows:

> At the time I saw him he complained of a significant amount of pain in his knee, constant pain, also cramping in his right leg from his hip to his foot. He could walk about one-half block before getting pain in his knee and cramping in his leg. He could stand for about the same length of time. He used a cane in his right hand at all times and said that he was able to drive just a little bit. His knee gave out on occasion, but he had not fallen because of it. And he also had a clicking sensation in the knee.

Dr. van den Hoven's Deposition, p. 7. Dr. van den Hoven also performed a physical examination of Claimant and stated that Claimant's work-related injury exacerbated a pre-existing chronic strain condition,[5] resulting in significant functional limitation. Dr. van den Hoven further stated that he had no history of whether Claimant's injury affected any other part of his body besides the right leg. Moreover, in response to counsel's question as to whether the injury caused a loss of use of Claimant's right leg for all practical intents and purposes, Dr. van den Hoven answered, "I would say that's the case." Dr. van den Hoven's Deposition, pp. 10-11.

Claimant's testimony also supports the referee's finding of loss of use of Claimant's right leg. Claimant admitted that he basically lost the use of his leg as a result of the work-related injury. N.T., p. 16, July 13, 1984 Hearing. However, the referee failed to make a critical finding as to the permanency of the specific loss, a crucial issue in the determination of a specific loss case.

When the fact finder in an administrative proceeding is required to set forth his findings

---

[5] Dr. van den Hoven surmised that Claimant's pre-existing condition likely developed as a result of childhood polio.

in an adjudication, that adjudication must include all findings necessary to resolve the issues raised by the evidence and which are relevant to a decision. An appellate court or other reviewing body should not infer from the absence of a finding on a given point that the question was resolved in favor of the party who prevailed below, for the point may have been overlooked or the law misunderstood at the trial or hearing level. In cases such as the one before us in which essential findings of fact were not made the case must be remanded so that the findings may be supplied.

*Page's Department Store v. Velardi,* 464 Pa. 276, 287, 346 A.2d 556, 561 (1975). In *Wittco Fashions v. Workmen's Compensation Appeal Board (O'Neil),* 118 Pa. Commonwealth Ct. 126, 544 A.2d 559 (1988), this Court vacated and remanded a matter to the referee in a specific loss case where the referee did not make a finding as to whether the claimant lost the use of her hand for all practical intents and purposes. The referee found that the claimant had lost the use of her hand for all intents and purposes. This Court concluded that the referee used the wrong test for determining whether the claimant qualified for specific loss benefits by his failure to use the "for all *practical* intents and purposes" standard. Similarly, the instant matter must be remanded to the referee to take additional evidence and make findings of fact concerning the permanency of Claimant's loss of use of his right leg.[6]

---

[6] Contrary to Employer's assertions, "permanence" of Claimant's specific loss cannot be clearly found in Dr. van den Hoven's testimony. In an August 23, 1983 letter from Dr. van den Hoven to the insurance adjuster, Dr. van den Hoven opined that Claimant would not be capable of substantial gainful employment *at that time.* Employer Exhibit 1.

With respect to the waiver issue alternatively advanced by Employer, an issue not raised below is generally waived. *See* Pa. R.A.P. 1551. However, the record demonstrates that Claimant did assert in his appeal to the Board that the Employer failed to sustain its burden of proof and further raised the possibility of surgical intervention. It is therefore necessary to remand for the referee to make critical findings as to whether the loss of use of Claimant's right leg is permanent and whether reasonable surgical intervention would restore some portion of the loss of function of Claimant's right leg. *See Joyce Western Corporation v. Workmen's Compensation Appeal Board (Fichtorn)*, 518 Pa. 191, 542 A.2d 990 (1988).[7]

Accordingly, the Board's order is vacated and the matter remanded to the referee for further proceedings consistent with this opinion.

---

[7] In *Joyce Western Corporation*, the Supreme Court addressed the issue of whether specific loss benefits should be awarded when the injury sustained could be corrected by a reasonable surgical procedure. The Supreme Court held that whether the claimant sustained a specific loss of his eye necessarily includes the issue as to whether reasonable medical procedures will restore some portion of the loss of function. Claimant asserted that the possibility of correctability by reasonable surgery was irrelevant to and had been eliminated by a stipulation that the sole issue to be decided by the referee was whether the claimant sustained a specific loss of his eye. The Supreme Court rejected this argument stating that the correctability of the injury was critical to determining whether the loss of the use of the eye was permanent and thus compensable as a specific loss. The Supreme Court further stated that this was especially clear in light of the requirement that the specific loss must be permanent in order for a claimant to prevail. The Supreme Court remanded the matter to the Board to determine whether the injury was permanent and whether surgical intervention would restore some loss of function.

## ORDER

AND NOW, this 26th day of October, 1988, the order of the Workmen's Compensation Appeal Board dated July 6, 1986 is vacated and remanded for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

This decision was reached prior to the resignation of Judge MACPHAIL.

---

DISSENTING OPINION BY JUDGE BARRY:

I respectfully dissent. I do not believe the question of surgical intervention to possibly restore use of the claimant's leg was properly presented to the referee. Accordingly, I see no need for a remand and would reverse the Board's order and reinstate the referee's order.

The party asserting that an individual has lost the use of a bodily part for all practical intents and purposes bears the burden of proving such loss. *Martin Trucking Company v. Workmen's Compensation Appeal Board (Andrushenko)*, 55 Pa. Commonwealth Ct. 174, 422 A.2d 1225 (1960). Here, the employer presented the testimony of Dr. Raymond P. van den Hoven, who was asked:

> Q. Doctor, based on your examination with the physical limitations that you found, did you have an opinion, with a reasonably [sic] degree of medical certainty, as to whether or not the injury to his knee exasercated [sic] his pre-existing conditions that you've described to the point where they caused a loss of use of his right leg for all practical intents and purposes?
>
> A. Yes, I would say that's the case.

(Deposition of Dr. van den Hoven, June 6, 1984, pp. 10-11.) This testimony, believed by the referee, constitutes substantial evidence which met the employer's

burden of proof. The Board concluded, however, that the testimony was insufficient because the medical expert did not specifically state that the loss of use of the leg was "permanent". I believe *under the circumstances of this case* that the question of permanence is necessarily inferred when the medical expert opined that the claimant has lost the use of the leg for all practical intents and purposes.

When a party is asserting the compensable loss of use of a body part, the burden of proving that surgical intervention could restore some use shifts to the opposing party. Here, the claimant failed to present sufficient evidence. The only testimony concerning surgical intervention came during the direct examination of the claimant.

A. They want to fuse the leg. I'm afraid to get it done for all the strokes that I took.

Q. And who is recommending that a fusion of your leg be done?

A. Dr. Morrisey.

Q. Okay.

A. Dr. Jewell is the one that don't want it done because he is afraid during the operation he might have to amputate the leg and run into trouble.

(Testimony of claimant, July 13, 1984.)

There is no testimony about the effect a fusion might have on restoring the use of claimant's leg. Because such a question is not within the ordinary knowledge of a layman, unequivocal medical testimony is necessary. *See Lewis v. Workmen's Compensation Appeal Board (Pittsburgh Board of Education)*, 80 Pa. Commonwealth Ct. 640, 472 A.2d 1176 (1984), affirmed 508 Pa. 360, 498 A.2d 800 (1985). In the present case, the claimant presented no such medical testimony. No medical testimony having been presented here, the majority's reliance

on *Joyce Western Corp. v. Workmen's Compensation Appeal Board (Fichtorn)*, 518 Pa. 191, 542 A.2d 990 (1988), is misplaced because there the question was set forth with the proper evidence.

For all these reasons, I would reverse the order of the Board and reinstate the order of the referee.