Groncki, Appellant, *v.* Allegheny Pittsburgh Coal Company.

Argued November 11, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Kenneth J. Yablonski,* for appellant.

*William A. Challener, Jr.,* for appellee.

OPINION BY WRIGHT, J., December 16, 1964:

This is a workmen's compensation case. The claimant has appealed from an order of the County Court of Allegheny County, dated February 6, 1964, which affirmed an order of the Board directing the employer to pay compensation for a period of one hundred and eighty weeks for the specific loss of claimant's lower right leg, plus twenty-five weeks healing period. It will be necessary to recite the factual and procedural situation in some detail.

Walter I. Groncki was employed as a trackman by the Allegheny Pittsburgh Coal Company. On February 18, 1955, he was struck by falling roof coal, and sustained a "fractured right ankle and laceration of leg". On March 11, 1955, an open agreement was executed calling for payment of compensation for total

disability. Claimant returned to work on August 15, 1955, and signed a final receipt. On June 11, 1957, claimant's disability recurred. An ankle arthrodesis (fusion) was performed two days later. The employer voluntarily resumed payments of compensation. On April 13, 1960, the employer filed a petition requesting that the final receipt be set aside, that the open agreement be reinstated, and that credit be given for the compensation paid. By order dated September 1, 1960, amended September 27, 1960, agreed upon by the parties, the Referee approved this request. On October 14, 1960, the employer filed a petition to modify the agreement "to show that claimant, Walter I. Groncki, has sustained an injury equivalent to the industrial loss of the right leg and . . . weekly compensation for the loss of a leg expires February 4, 1961". By decision dated November 17, 1961, the Referee concluded that the employer had "failed to meet the burden of proof to show that the disability of the claimant is confined to the industrial loss of the right leg", and refused to modify the agreement. On June 13, 1962, the Workmen's Compensation Board affirmed the Referee's decision. On June 29, 1962, the employer appealed to the County Court of Allegheny County, and at the same time filed with the Board a petition for rehearing alleging that claimant's right foot and ankle had been amputated on May 14, 1962. On October 10, 1962, the Board granted the petition for rehearing, recalled the record, and remanded it to the Referee. On March 7, 1963, the Referee again dismissed the modification petition. On July 31, 1963, the Board reversed the Referee, granted the petition, and ordered that compensation be paid "for a period of 180 weeks for the specific loss of the lower right leg and, in addition thereto, for a healing period of 25 weeks". The claimant appealed to the County Court of Allegheny County, which tribunal, as previously indicated, affirmed the decision of the Board.

Claimant does not contend on this appeal that his injury extended beyond the leg. Cf. *Spina v. Gahagan Construction Corp.*, 184 Pa. Superior Ct. 420, 135 A. 2d 760. He nevertheless takes the position that his compensation should not be limited to the schedule for permanent injuries as set forth in Section 306(c) of the Act,[1] but that he should be entitled to compensation for total disability for the entire period up to May 14, 1962. He argues that he had not permanently lost the use of the leg prior to the date of the amputation. As stated in his brief: "We fully admit that as of the date of the amputation the appellant's injury was governed by Section 306(c), but we earnestly and sincerely disagree with the conclusion of law that this entire injury or period of disability is governed by Section 306(c), as a result of the amputation. . . When the leg was amputated in May of 1962, and testimony was offered to that effect, no person could deny that this case is now governed by Section 306(c), however, if we are to permit the Board to retroactively apply this section of the law, then we deprive the appellant of 51 weeks of compensation to which he is rightfully entitled".

The difficulty with claimant's contention is that the modification petition was filed on October 14, 1960, and the status of the compensation agreement was altered as of that date by the ultimate modification in accordance with the employer's theory. Claimant may not take advantage of the time involved in litigation to secure an award greater than that to which he is entitled under the statute. Where an employe has lost the use of a leg as the result of a compensable accident, he is not entitled to additional compensation for total disability under Section 306(a) of the act unless the injury extends beyond the leg: *Wills v. Stineman Coal*

---

[1] The Pennsylvania Workmen's Compensation Act of June 2, 1915, P. L. 736, 77 P.S. Section 1 et seq.

& *Coke Co.*, 170 Pa. Superior Ct. 446, 87 A. 2d 104. Similarly, in the recent case of *Krasznay v. Milton Ross Metals Co.*, 204 Pa. Superior Ct. 94, 203 A. 2d 393, in which there was no injury to any part of claimant's body other than the left hand, we held that the Board properly limited compensation to the number of weeks provided in Section 306(c) for the loss of that member.

We have not overlooked the fact that this accident occurred prior to the amendment of February 28, 1956, P. L. (1955) 1120, which inserted the twenty-five weeks healing period in Section 306(c) of the act. Compensation is to be awarded under the provisions of the statute in effect on the date of the accident: *Schrecengost v. Heilman Trucking Co.*, 174 Pa. Superior Ct. 299, 101 A. 2d 417. However, the employer has raised no question in this regard, and has in fact paid claimant compensation for a total period of two hundred and fifteen weeks covering the loss of the entire leg. We also note with approval, as did the Board, the offer of the employer "to supply the claimant with an artificial limb".

Order affirmed.