## Billante *v.* Stouffer's Foods, Inc., et al.

Argued January 8, 1973, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Alexander J. Pentecost*, for appellant.

*Raymond F. Keisling*, for appellee.

OPINION BY JUDGE ROGERS, February 6, 1973:

The appellant, Elizabeth Billante, was injured in November 1964 in her employment as a cook by the appellee, Stouffer's Foods, Inc. In May 1965 she returned to work and compensation payments were suspended. However, her disability recurred and by supplementary agreement she received compensation for total disability until January 1968. At that time the appellee filed a modification petition alleging only 25 percent partial disability, which petition after hearing was denied by a referee who found the appellant still totally disabled. In March 1970 the employer filed a petition for termination or modification alleging that all disability had ceased. The referee found that the appellant's disability had changed from total to 75 percent and awarded benefits for partial disability. The Workmen's Compensation Board affirmed the referee. The appellant contends that the Board erred as a matter of law in not awarding the claimant compensation for total disability and we agree.

At the hearing the employer's evidence consisted solely of the testimony of a physician who, based upon x-rays and a recent examination, pronounced the claim-

ant completely recovered from her 1964 injuries. The claimant's physician testified that the claimant was unable to work as a cook but that with training she might be capable of doing sedentary work, such as that of restaurant cashier. No evidence was adduced by the employer showing that, assuming the claimant to be disabled, work of a kind she could perform was available. The Board's finding of 75 percent disability was obviously an acceptance of the claimant's physician's description of her condition; that is, that she was totally disabled for work as a cook but physically capable of performing sedentary work of a selective type.

The law is clear that where the injured person can perform only work specially fitted to his physical condition, the burden is on the employer to show that such work is in fact within reach, and that absent such proof the claimant must be compensated as for total disability. *Consona v. R. E. Coulborn & Company*, 104 Pa. Superior Ct. 170, 158 A. 300 (1932); *Unora v. Glen Alden Coal Co.*, 377 Pa. 7, 104 A. 2d 104 (1954).

The instant case is indistinguishable from *Kirk v. L. Bauer, Jr., Inc.*, 209 Pa. Superior Ct. 357, 228 A. 2d 228 (1967). There, the Superior Court held that the Workmen's Compensation Board's conclusion that a claimant was entitled to compensation for partial disability only was erroneous in the face of a showing that the claimant, a former electrician, could do no lifting, no work on ladders, no work in cramped positions, and no holding of heavy objects, and in the absence of proof by the employer of the availability to the claimant of a position not requiring those activities.

## Order

And now, this 6th day of February 1973, the order of the Workmen's Compensation Board is reversed, the appellant's petition for termination or modification is dismissed, and the agreement for total disability is reinstated.