Borough of Catawissa and Aetna Life and Casualty Co., Insurance Carrier, Appellants, *v.* Frank Shultz, Appellee.

Argued May 10, 1973, before Judges KRAMER, MENCER and BLATT, sitting as a panel of three.

*Thomas C. Raup,* with him *Harry Alvan Baird,* for appellants.

*Donald A. Lewis,* for appellee.

OPINION BY JUDGE BLATT, August 14, 1973:

Frank Shultz (claimant) was regularly employed in a bakery where he operated a doughnut machine, but he also worked on a part-time basis as a traffic officer for the Borough of Catawissa (Borough). On February 8, 1967, while employed at the latter job, he was knocked down by a child's sled and suffered a severe contusion of the right ankle with ecchymosis and a fractured metacarpal of his left hand. The claimant and the Borough entered into a compensation agreement for total disability, with benefits set at $44.09 per week, and this agreement continued in effect until April 19, 1968, when the Borough filed a petition to modify the agreement so as to credit the claimant with only a 25% partial disability. Following a hearing, a referee granted the petition and reduced the claimant's benefits to $11.02 per week. This decision was affirmed by the Workmen's Compensation (Appeal) Board (Board), but on appeal to the Court of Common Pleas of Columbia County, the Board's decision was reversed on the ground that the Borough had failed to carry its burden of proving partial disability. We must affirm.

Clearly, on a petition to modify filed by an employer, the burden is on the employer to prove that the

claimant's disability is no longer total. *Kirk v. L. Bauer, Jr., Inc.*, 209 Pa. Superior Ct. 357, 228 A. 2d 228 (1967). Here, the sole witness for the Borough was Dr. George Jonas, who testified that, at the time he examined the claimant (February 26, 1968), the claimant's disability was approximately 25% because he was unable to close his left fist completely. Dr. Jonas specifically stated that his testimony had nothing to do with the claimant's loss of earning power, and he expressed no opinion as to what type of job the claimant was capable of performing. He did state, however, that, as of the time of his examination, the claimant was not capable of working at his old job at the bakery.

In considering a claimant's "disability," such should be regarded as being synonymous with "loss of earning power." *Unora v. Glen Alden Coal Company*, 377 Pa. 7, 104 A. 2d 104 (1954). When an employer attempts to show that a claimant is no longer totally disabled, it is not enough merely to have a physician testify that, medically speaking, he is only partially disabled. Where it is established that a claimant can physically handle only certain types of employment or that he is unable to do the type of work he was engaged in when injured, the employer must then assume the burden of showing that work which the claimant is capable of obtaining is available. *Barrett v. Otis Elevator Company*, 431 Pa. 446, 246 A. 2d 668 (1968); *Petrone v. Moffat Coal Company*, 427 Pa. 5, 233 A. 2d 891 (1967); *Chamberlain Corporation v. Pastellak*, 7 Pa. Commonwealth Ct. 425, 298 A. 2d 273 (1973).

In the recent case of *Billante v. Stouffer's Foods, Inc.*, 7 Pa. Commonwealth Ct. 532, 300 A. 2d 284 (1973), this Court faced a fact situation very similar to that here. In *Billante, supra*, the employer filed a petition to terminate or modify a compensation agreement, and its sole evidence was the testimony of a physi-

cian who stated that the claimant was recovered from her injury. He further testified, however, that the claimant was unable to work at her old job but could do sedentary work. The Board found the claimant to be 75% disabled and granted benefits for partial disability. This Court disagreed stating: "The law is clear that where the injured person can perform only work specifically fitted to his physical condition, the burden is on the employer to show that such work is in fact within reach, and that absent such proof the claimant must be compensated as for total disability." 7 Pa. Commonwealth Ct. at 534, 300 A. 2d at 285.

Here, the Borough's own witness concedes that the claimant is still at least partially disabled and is unable to return to his previous job. But the Borough made no attempt to show what work was available which the claimant could perform. The Borough, therefore, failed to carry its burden of proof, and the claimant must still be considered totally disabled from the viewpoint of his earning power.

For the above reasons, therefore, the order of the court below is affirmed.