Irwin Sensenich Corporation and Pennsylvania Manufacturers' Association Insurance Company, Insurance Carrier, Appellants, *v.* Workmen's Compensation Appeal Board and Anthony Naponic, Appellees.

Argued September 10, 1974, before Judges CRUM-
LISH, JR., WILKINSON, JR. and ROGERS, sitting as a panel
of three.

*H. Reginald Beldin, Jr.,* with him *Stewart, Beldin,
Sensenich & Herrington,* for appellants.

*John McIlvaine,* with him *James N. Diefenderfer,*
for appellees.

Opinion by Judge Crumlish, Jr., October 30, 1974:

On March 2, 1971, Anthony Naponic (Naponic) and Irwin Sensenich Corporation and its insurance carrier, Pennsylvania Manufacturers' Association Insurance Company (hereinafter collectively referred to as "Appellant"), entered into a supplemental compensation agreement for total disability arising from an accident Naponic sustained in the regular course of his employment on March 3, 1967. Appellant filed a petition to modify this agreement on April 17, 1972 alleging a resolution of Naponic's disability to a specific loss of the use of his lower right leg, and thus within the compensation schedule of Section 306(c) of the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, *as amended*, 77 P.S. §513. The effect of this petition to modify in reality was to terminate compensation because Appellant has already paid Naponic compensation in excess of that which is provided by Section 306(c) for a specific loss, and Appellant claims a credit for over-payment. Following a hearing where the only witness was Appellant's medical expert, the referee dismissed the petition to modify determining that Appellant had not carried its burden in establishing a specific loss. The Workmen's Compensation Appeal Board affirmed (Chairman Culbertson dissenting), and this appeal followed. We affirm.

In considering the merits of an employer's petition to modify, the burden is on the employer to prove that the claimant's disability has ceased to be total. *Aluminum Company of America v. Theis*, 11 Pa. Commonwealth Ct. 587, 314 A. 2d 893 (1974); *Borough of Catawissa v. Shultz*, 9 Pa. Commonwealth Ct. 546, 308 A. 2d 633 (1973). "'The party seeking to modify a compensation agreement has the burden of establishing the allegations upon which he relies. Where, as here, the decision of the [compensation authorities] is against the party having the burden of proof, the question on ap-

pellate review is whether the findings of fact are consistent with each other, and with the [compensation authorities'] conclusion of law and its order and can be sustained without a capricious disregard of competent evidence." *Wilkes-Barre Iron & Wire Works, Inc. v. Workmen's Compensation Appeal Board and Meyers*, 9 Pa. Commonwealth Ct. 612, 614, 309 A. 2d 172, 173 (1973). "To constitute a capricious disregard there must be a wilful and deliberate disregard of competent testimony and relevant evidence which one of ordinary intelligence could not possibly have avoided in reaching the result." *Brown v. Atlantic and Gulf Stevedores, Inc.*, 2 Pa. Commonwealth Ct. 481, 483, 279 A. 2d 372, 373 (1971).

Although the only testimony came from Appellant's medical expert who was of the opinion that Naponic's injury was limited to his lower right leg, a careful review of the record indicates that the referee did not capriciously disregard this evidence in determining that Naponic had not suffered a specific loss. When asked whether Naponic had suffered a loss of the use of his lower right extremity for all practical intents and purposes, Dr. Gerald W. Pifer, testifying on behalf of Appellant, answered: "Yes, with a qualification for his particular occupation." This qualified answer was further explored upon cross-examination: "Q. Doctor, let's talk about that qualified yes. You say that he has lost the use of his leg for all practical intents and purposes as far as his occupation is concerned, is that what you mean? A. Yes. Q. But for any other usage and walking around and standing he still has the use of his leg, doesn't he? A. Yes, for ambulation as long as he uses— as I understand it, he uses a cane routinely. He needs help. Q. You wouldn't say, would you, that he has lost the use of his lower right leg for all practical intents and purposes . . . ? A. No, that is why I qualified it for his occupation and as a machinist." It is axiomatic

that to establish a specific loss under Section 306(c), it must be proven that a claimant has suffered a permanent loss of the use of his member for all practical intents and purposes. *Verna v. Stabler,* 204 Pa. Superior Ct. 87, 203 A. 2d 578 (1964). Appellant's medical witness testified that Naponic has an ambulatory use of his lower right leg, but that the injury is a continuing disability in considering his occupation as a machinist. Appellant herein discredited its own case.[1]

Appellant further contends that since the only evidence proffered indicated that Naponic's injury was limited to his lower right leg, the referee and Board erred in failing to follow *Groncki v. Allegheny Pittsburgh Coal Company,* 204 Pa. Superior Ct. 465, 468, 205 A. 2d 624, 626 (1964), wherein the Court held: "Where an employe has lost the use of a leg as the result of a compensable accident, he is not entitled to additional compensation for total disability under Section 306(a) of the Act unless the injury extends beyond the leg." In *Groncki,* the claimant did not contend that his disability extended beyond his leg (which had been amputated), whereas here Naponic alleges—and Appellant's medical expert agrees—that his total occupational disability continues. *Groncki* was further distinguished by Judge WILKINSON in *Van Horn v. Workmen's Compensation Appeal Board,* 12 Pa. Commonwealth Ct. 473, 476, 477, 316 A. 2d 686, 688 (1974), which is factually identical, wherein, in speaking for

---

[1] In finding of fact No. 5, the referee referred to a letter from a Dr. William Eaton which was admitted into evidence, over objection, by Naponic to establish that he retained a functional use of his right leg, although he continued to be totally disabled. Although this letter was hearsay and did not qualify as an admissible medical deposition under Section 422, 77 P.S. §835, it was merely corroborative of Appellant's medical expert's testimony and therefore was properly considered by the referee and the Board on appeal. *Cody v. S.K.F. Industries, Inc.,* 447 Pa. 558, 291 A. 2d 772 (1972).

the Court, he wrote: "The above principle of law is inapposite here. Inasmuch as the compensation authorities found that the claimant appellee did *not* lose the use of his leg, there was no need by the compensation authorities to find an injury extending beyond the leg in order to find total disability.

"While at first the findings of the referee and the Board may seem incongruous in that the claimant-appell[ee] was found to have not lost the use of his right leg but was found to be totally disabled, such a finding fulfills the requirements of Sections 306(a) and (c). As noted by Judge Woodside in Curran v. Walter E. Knipe and Sons, Inc., 185 Pa. Superior Ct. 540, 138 A. 2d 251 (1958), the capacity to work is involved under Section 306(a) which concerns total disability but not under Section 306(c) which concerns specific permanent injuries. 'It is possible for one to be totally disabled by a leg injury, and still not have suffered the loss of use of the leg. It is also possible to have suffered the permanent loss of use of the leg and not be totally disabled.' 185 Pa. Superior Ct. at 544, 138 A. 2d at 254." (Emphasis in original.)

Consistent with the foregoing, we enter the following

### ORDER

AND Now, October 30, 1974, the award of the Workmen's Compensation Appeal Board is affirmed, and Appellant is ordered to continue to pay Anthony Naponic compensation for total disability at the rate of $52.50 per week for the indefinite future, together with legal interest on all deferred or unpaid installments, all within the limitations of the Pennsylvania Workmen's Compensation Act.