Bernardo Birriel, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, United Engineers & Constructors and Commercial Union Companies, Respondents.

Argued April 8, 1981, before Judges MENCER, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Philip D. Freedman, Caldwell, Clouser & Kearns,* for petitioner.

*Martin J. Fallon, Jr., Swartz, Campbell & Detweiler,* for respondents.

OPINION BY JUDGE MENCER, October 7, 1981:

This is an appeal by Bernardo Birriel (claimant) from a decision of the Workmen's Compensation Ap-

peal Board (Board) affirming a referee's decision which granted a petition to suspend his compensation payments. We reverse and remand.

On March 24, 1973, the claimant suffered an injury while in the course of his employment with United Engineers & Constructors (employer) for which he received workmen's compensation benefits, pursuant to a compensation agreement. On January 3, 1978, the employer filed a petition for suspension of compensation, alleging that the claimant had recovered from his injury and was able to return to available work. Several hearings were held on the petition.

In a decision dated May 24, 1979, the referee concluded that the employer had met the burden of proof to support a suspension of compensation benefits and granted the petition. Specifically, the referee concluded that, although the claimant still suffered from a disability of undetermined degree, it was not reflected as a loss of earnings or earning power. He did not, however, make a finding of the claimant's preinjury wage and compare it with the remuneration provided by jobs then available to the claimant. The claimant contends that this was error. We agree.

A claimant's "disability" is synonymous with "loss of earning power." *Borough of Catawissa v. Shultz,* 9 Pa. Commonwealth Ct. 546, 308 A.2d 633 (1973). The status of a claimant's disability is based upon a determination of his earning power and his wage record. *Workmen's Compensation Appeal Board v. Bowen,* 26 Pa. Commonwealth Ct. 593, 364 A.2d 1387 (1976). While no one factor is dispositive in ascertaining a claimant's earning power, it is essential to determine and compare a claimant's preinjury wage with the postinjury wage of the employment available to him and within his capacity to perform. *Leaver v. Midvale Co.,* 162 Pa. Superior Ct. 393, 57 A.2d 698 (1948); *cf. Workmen's Compensation Appeal Board v. Bowen*

(virtually no evidence of postinjury wage in record compelled remand).

In the instant case, the referee made no findings of the claimant's preinjury and postinjury wage. "When the fact finder in an administrative proceeding is required to set forth his findings in an adjudication, that adjudication must include all findings necessary to resolve the issues raised by the evidence and which are relevant to a decision." *Page's Department Store v. Velardi,* 464 Pa. 276, 287, 346 A.2d 556, 561 (1975). Because essential findings of fact have been omitted, this case must be remanded so that the requisite findings may be supplied.

### ORDER

AND Now, this 7th day of October, 1981, the order of the Workmen's Compensation Appeal Board, dated March 20, 1980, is hereby reversed, and this matter is remanded to the Board for further proceedings consistent with this opinion.