In Re: The Condemnation by the County of Allegheny of a Certain Parcel of Land in Robinson Township, Allegheny County etc. Frank N. Pyle, Appellant.

Argued May 5, 1982, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and MAC-PHAIL, sitting as a panel of three.

*John B. Nicklas, Jr., McCrady and Nicklas,* for appellant.

*James H. McLean,* County Solicitor, with him *William P. Bresnahan,* Assistant County Solicitor, for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., December 30, 1982:

The Allegheny County Common Pleas Court, by order, denied Frank Pyle's (condemnee) motion for a new trial. Pyle appeals. We affirm.

Following a Declaration of Taking, a Board of Viewers assessed damages for the taking of Pyle's unimproved lot at $5,000. On appeal, a jury awarded a

verdict of $4,000. Pyle now appeals the jury verdict, contending that the trial court erred by permitting the County's two valuation experts to testify that a single-family residence was the highest and best use although the lot was zoned public recreational. He also asserts it was error to admit comparable sales examples of residentially-zoned lots located more than two miles from the condemned property. Finally, Pyle complains that the lower court erred by permitting the use of a blackboard.

The County contends, *inter alia,* that the issues of admissibility of the value evidence and the use of the blackboard were not preserved for appeal. We agree.

Pa. R.A.P. 302 states that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." This Court stated, in *Nobel v. West Penn Power Co.,* 36 Pa. Commonwealth Ct. 577, 579, 388 A.2d 781, 783 (1979), that:

> Issues not properly raised and preserved in the trial court will not be reviewed for the first time on appeal. . . . A litigant must do two things in order to preserve an issue. First, he must make a timely, specific objection at trial and, second, he must raise the issue on posttrial motion. (Citations omitted.)

While the condemnee's post-trial motion for a new trial raised the issues of the admissibility of the highest and best use evidence, the comparable value evidence, and the use of the blackboard at trial, a review of the record[1] indicates that no timely and specific objections were made at trial.

---

[1] We note appellant's failure to comply with Pa. R.A.P. 2117(c), which requires that the appellant, in his brief to this Court, indicate in the Statement of the Case the stage of the proceedings below at which, and the manner in which, the questions sought to be reviewed were raised.

When asked his opinion as to the highest and best use of the lot, the County's first valuation witness testified:

I feel that the highest and best use was the use to which it was put, and the use to which the surrounding property was put, that is, a one family dwelling. That would probably be the only use the Board—the Zoning Board would probably grant to this person.

Whereas the condemnee failed to object to this testimony when offered, the issue of its admissibility was not preserved for appeal.

The County's second valuation witness agreed that the highest and best use of the lot was residential. Again, condemnee failed to object, thereby waving any right to appeal.

As to the admissibility of the value evidence, the only "objection" made by Pyle's counsel followed his cross-examination of the County's first expert witness:

Mr. Nicklas: That's all the questions I have, Your Honor. I think that there hasn't been enough developed to give us very much of a comparative testimony to judge the weight or credibility of this testimony.

To this, the Court responded:

The Court: That will be up to the jury.

Counsel did not object to the *admissibility* of the value testimony; he simply verbalized his concern as to the "weight" and "credibility" of that evidence. "To weigh evidence is to determine its effect in inducing belief or to determine which evidence carries greater conviction or is more worthy of belief." *Morrissey v. Department of Highways,* 424 Pa. 87, 93 n. 6, 225 A.2d 895, 898 n. 6 (1967). The weight to be given oral testimony is not for this Court, but is always for the jury.

646

*Id.,* citing *Springer v. Allegheny County,* 401 Pa. 557, 560, 165 A.2d 383 (1960); *Kosco v. Hachmeister, Inc.,* 396 Pa. 288, 291, 152 A.2d 673 (1959). Thus, counsel's objection was neither timely nor specific; it failed to preserve the issue for our review.

During the trial, the County placed the comparative value figures given by its valuation witnesses on a blackboard in full view of the jury. Since the condemnee failed to object to the use of the blackboard below, he has, as with his other contentions, failed to preserve the issue for appeal.

Affirmed.

ORDER

The Allegheny County Common Pleas Court order, at Nos. GD77-7776 and GD78-20328 dated April 28, 1981, is hereby affirmed.