Norman C. Huff, Petitioner *v.* Workmen's Compensation Appeal Board (Ingalls Steel of Pennsylvania), Respondents.

Argued October 6, 1982, before President Judge CRUMLISH, JR. and JUDGES MACPHAIL and DOYLE, sitting as a panel of three.

*Joy M. Silverblatt,* with her *Seymour A. Sikov, Sikov and Love, P.A.,* for petitioner.

*James W. Young, Sharlock, Repcheck, Engel & Mahler,* for respondents.

OPINION BY JUDGE DOYLE, December 30, 1982:

This is an appeal by Norman C. Huff (Claimant) from a decision of the Workmen's Compensation Appeal Board (Board) affirming a Referee's Order of Suspension. We affirm.

Claimant sustained a disabling injury to his back while in the course of his employment with Ingalls Steel of Pennsylvania (Ingalls). He was paid compensation for total disability until December 19, 1977. On December 22, 1977, Ingalls filed a Petition for Termination of Compensation Payable alleging that Huff had totally recovered and could return to work. At a hearing before a referee, Claimant's testimony was

offered, as were the depositions of his treating physician and the employer's examining physician. In addition, written reports of another consulting physician were entered into evidence over the objection of Claimant's counsel. The referee granted an Order of Suspension which the Board affirmed.[1]

An employer seeking a suspension or termination of workmen's compensation benefits bears the burden to prove before the referee that the claimant's disability has ceased.[2] *Mickles v. Workmen's Compensation Appeal Board,* 59 Pa. Commonwealth Ct. 109, 428 A.2d 1035 (1981). Where the party with the burden of proof prevails before the referee and the Board takes no additional evidence, review by this Court is limited to a determination of whether constitutional rights were violated, an error of law was committed, or the referee's findings of fact are supported by substantial competent evidence. *Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973). In addition, we view the evidence in a light most favorable to the party prevailing below and leave questions of credibility and resolution of conflicts in the testimony to the fact-finder. *Peoples*

---

[1] On appeal of the referee's Order of Suspension of April 9, 1980, the Board remanded for the clarification, correction and amendment of various findings of fact and conclusions of law. The referee filed a second set of findings of fact and conclusions of law on January 21, 1981, again ordering the suspension of benefits. On October 15, 1981, the Board affirmed and this appeal ensued.

[2] In the instant case, the referee found that the employer had not sustained his burden of showing that all disability resulting from the work related injuries had ceased, and was therefore not entitled to a termination of benefits. He determined, however, that the employer had shown that Claimant was able to perform the duties of his regular job and that a suspension of benefits was appropriate. Specifically, in finding of fact No. 27, the referee found that "[t]he claimant is able to perform the duties of his regular job, with a partial disability of an undetermined percentage not reflected in [any] loss of earning power."

*Gas Heating Co. v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 530, 382 A.2d 484 (1978).

The record in this case shows the examining neurologist, testifying for the employer, to be of the opinion that the Claimant could return to his job at Ingalls without any limitation. He testified that he found no objective neurologic deficiencies but found, rather, that Claimant's erratic behavior during the exam was indicative of psychological problems or malingering. The treating physician, a general practitioner testifying for the Claimant, offered the opinion that Claimant could not perform the duties of his regular job. The reports of a consulting physician, to whom the Claimant was referred by the treating physician, tended to support the neurologist's opinion, indicating that a physical condition consistent with the alleged disability was doubtful.

Claimant contends that admission of the reports of the consulting physician was an error of law and without them the findings of the referee are unsupported by substantial competent evidence. We do not agree. The reports of the consulting physician, while admittedly hearsay, were properly employed during cross-examination to impeach the credibility of the treating physician. In addition, they tended to corroborate the testimony of the neurologist and were discussed by the referee in that manner. In workmen's compensation cases, hearsay testimony, if relevant and material to facts at issue, may be considered for the additional light it sheds on the matter. *Cody v. S.K.F. Industries, Inc.,* 447 Pa. 558, 291 A.2d 772 (1972) ; *Irwin Sensenich Corp. v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 518, 327 A.2d 644 (1974). We find no reversible error in the evidentiary ruling by the referee and his findings of fact are amply supported by substantial competent evidence.

650

ORDER

Now, December 30, 1982, the order of the Workmen's Compensation Appeal Board number A-80691, affirming the decision of the referee in the above referenced matter, is affirmed.