NABISCO, INC., Petitioner,

v.

**WORKMEN'S COMPENSATION
APPEAL BOARD (CUM-
MINGS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 19, 1994.
Decided Dec. 16, 1994.

Edward A. McFarland and William S. Evans, for petitioner.

Joseph J. Cirilano, for respondent.

Before SMITH and KELLEY, JJ., and KELTON, Senior Judge.

SMITH, Judge.

Nabisco, Inc. (Employer) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision to grant Ann Cummings' (Claimant) fatal claim petition pursuant to Section 108(*l*) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 27.1(*l*).[1] The issue presented is whether the referee erred in accepting and relying on testimony offered by Claimant's witnesses.

Decedent, Dale Cummings, was employed as a baker in Employer's third-floor bake shop from 1955 until 1981. He died from malignant mesothelioma on July 7, 1987. Claimant filed a fatal claim petition alleging that Decedent's death was caused by his exposure to deleterious fumes, gases and dusts, including asbestos, in the course of his employment with Employer. Claimant presented the testimony of Michael Cummings, Decedent's son and co-worker, and Howard E. Reidbord, M.D., board certified in anatomic, clinical and forensic pathology. Claimant also presented a transcript from a workers' compensation hearing in another case against Employer which contained the testimony of Decedent's co-worker Charles Peasley.

Michael Cummings testified that he was employed as a general helper with Employer and that he regularly cleaned the steam lines in the bake shop with an air hose and dust would be emitted from the insulation because it was old, cracked and peeling. Decedent was approximately ten feet away, would breathe the dust, and never wore a respirator while working in the bake shop. It was general knowledge that the steam lines in the bake shop contained asbestos and mechanics who repaired the pipes in the plant told Cummings that the insulation contained asbestos. Peasley testified that he worked for Employer from 1950 until 1986 and his job entailed installing and repairing asbestos-

containing pipe insulation and asbestos-containing cement in Employer's plant. From 1955 until 1986 he worked on the third-floor bake shop at least twice a month repairing leaks on the steam lines and during the 1980's, asbestos insulation was present on the steam lines in the bake shop.

Dr. Reidbord testified that he reviewed Decedent's hospital records and two biopsies of his lung tissue and determined that Decedent died as a result of malignant mesothelioma. He further testified that asbestos exposure is the only known cause of malignant mesothelioma and does not require an extended period of exposure to asbestos. On cross-examination Dr. Reidbord admitted that the only information he received concerning Decedent's alleged exposure to asbestos came from a letter from a paralegal employed by Claimant's lawyer; he assumed Decedent was exposed to asbestos in the course of his employment without regard to the precise frequency or amount of exposure; and Decedent had a tumor characteristic of that exposure.

Employer objected to Cummings' testimony regarding his knowledge of the presence of asbestos insulation in the plant as hearsay; objected to Peasley's testimony as irrelevant because it was taken from his worker's compensation hearing and Peasley had no knowledge of Decedent's exposure to asbestos; and objected to Dr. Reidbord's testimony because he based his decision on hearsay and on facts not in evidence as to Decedent's occupational exposure to asbestos.

The referee found credible the testimony of Michael Cummings and concluded that objections made to his testimony were cured by the testimony of Peasley whose testimony was credible and probative on the issue of asbestos content of the pipe covering in Decedent's work area. The referee found Dr. Reidbord's opinion to be credible and unequivocal and to be relied on in reaching a final determination, and objections to his tes-

---

1. 77 P.S. § 27.1 provides in pertinent part:
   The term "occupational disease," as used in this act, shall mean only the following diseases.

   . . . . . .

   (*l*) Asbestosis and cancer resulting from direct contact with, handling of, or exposure to the dust of asbestos in any occupation involving such contact, handling or exposure.

timony were overruled and cured by the testimony of Cummings and Peasley. The referee concluded that Claimant sustained her burden to prove that Decedent's death was caused, in substantial part, by his exposure to asbestos while employed with Employer and awarded benefits. Employer appealed to the Board, which affirmed the referee's grant of benefits.[2]

Employer contends that the referee improperly relied on the objected-to hearsay testimony of Michael Cummings. Specifically, Cummings' testimony was objectionable because his knowledge of the asbestos insulation came from conversations with mechanics in the plant and he had no personal knowledge that the insulation contained asbestos. Employer further argues that Cummings' testimony should have been stricken because it was elicited by an inadmissible leading question, although review of the record shows that counsel's question was a permissible summary of Cummings' prior testimony. Employer cites *Commonwealth v. Davenport*, 255 Pa.Superior Ct. 131, 386 A.2d 543 (1978) and *Collins v. Hand*, 431 Pa. 378, 246 A.2d 398 (1968), to support its argument that the testimony was inadmissible and cannot provide a basis for the referee's decision.

■ The standard for admissibility of hearsay evidence in a worker's compensation proceeding has previously been delineated by this Court in *Flanagan v. Workmen's Compensation Appeal Board (U.S. Steel Corp.)*, 143 Pa.Commonwealth Ct. 92, 598 A.2d 613 (1991). Properly objected-to hearsay evidence is not competent evidence to support a finding of the Board; and hearsay evidence, admitted without objection will be given its probative effect and may support a finding by the Board if corroborated by competent evidence in the record. *Flanagan; Gallick v. Workmen's Compensation Appeal Board (Department of Environmental Resources, Bureau of Human Resources Management)*, 108 Pa.Commonwealth Ct. 617, 530 A.2d 945 (1987); *Walker v. Unemployment Compensation Board of Review*, 27 Pa.Commonwealth Ct. 522, 367 A.2d 366 (1976).[3]

■ This Court has held that eligibility under the occupational disease provisions of the Act requires that a claimant prove disability resulting from a disease enumerated in Section 108 and that the disease was related to his or her employment. *Novak v. Workmen's Compensation Appeal Board*, 59 Pa.Commonwealth Ct. 596, 430 A.2d 703 (1981). Further, it is a question of fact for the referee to determine whether a hazard exists in the work place, *Witco–Kendall Co. v. Workmen's Compensation Appeal Board (Adams)*, 127 Pa.Commonwealth Ct. 509, 562 A.2d 397 (1989), *appeal denied*, 525 Pa. 652, 581 A.2d 577 (1990), and the referee may rely on the testimony of the witnesses to prove the existence of an exposure to the hazard. *Mauger & Co. v. Workmen's Compensation Appeal Board (Waltz)*, 143 Pa.Commonwealth Ct. 198, 598 A.2d 1035 (1991).

■ This Court must examine the evidence in a light most favorable to the prevailing party below and leave questions of credibility and resolution of conflicts in the testimony to the factfinder. *Huff v. Workmen's Compensation Appeal Board (Ingalls Steel of Pennsylvania)*, 70 Pa.Commonwealth Ct. 646, 453 A.2d 753 (1982). Although the referee erred in admitting the hearsay testimony of Cummings, the error was harmless because other competent evidence, standing

2. This Court's scope of review of the Board's decision is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

3. Employer's reliance on *Davenport* and *Collins* as a standard for admissibility of hearsay evidence in an administrative hearing is misplaced. *Davenport* was an appeal from a conviction in criminal court and *Collins* was a trespass action in the court of common pleas and neither is applicable nor appropriate for evaluating the evidentiary standards in an administrative proceeding. Moreover, Employer argues that the referee's finding that Peasley's testimony "cured" objections to Cummings' testimony, without defining the term "cure," implies that Cummings' testimony would be inadmissible without Peasley's and if Peasley's testimony is disallowed, then so should Cummings'. Employer, however, did not raise this issue in its appeal to the Board and it will not be addressed in this appeal.

alone, exists in the record to support the referee's findings. *Thomas Jefferson Univ. Hosp. v. Workmen's Compensation Appeal Board (Cattalo)*, 144 Pa.Commonwealth Ct. 302, 601 A.2d 476 (1991). Peasley testified specifically as to the presence of asbestos insulation on the steam lines in the third-floor bake shop, and his testimony is relevant to the question of whether Decedent's malignant mesothelioma was related to his employment.

Employer further maintains that Dr. Reidbord's testimony was based on hearsay because his assumption that Decedent worked in an environment containing asbestos came from the paralegal for Claimant's counsel and the facts presented to Dr. Reidbord in the hypothetical question were not supported by substantial evidence in the record. The hypothetical question follows:

Q. Doctor, assuming that there was a 34–year history of employment in an occupational setting where there had been or would be periodic exposure to respirable asbestos fiber, ... are you able to arrive at an opinion as to what part the inhalation of the respirable asbestos fiber would have played in the development of Dale Cummings' malignant mesothelioma?

MR. McFARLAND: Just for the record, I would object to the question as not being based on evidence of record; therefore, it has no foundation on the record for the doctor to state an opinion.

A. It would be my opinion that if Mr. Cummings was hypothetically exposed to asbestos during the course of his occupation, the inhalation of the asbestos fibers would be the cause of his mesothelioma. That opinion is expressed within a reasonable degree of medical certainty.

Deposition of Dr. Reidbord, November 18, 1988, pp. 14–15. Employer contends that because the presence of asbestos in Decedent's work environment was established by hearsay and irrelevant testimony, it should be stricken.

A medical expert's opinion may be based on assumed facts appearing in the record either recited by counsel in the form of a hypothetical or facts learned by reading relevant parts of testimony. *Borschell Painting v. Workmen's Compensation Appeal Board (DeMuro)*, 154 Pa.Common-

wealth Ct. 157, 623 A.2d 394, *appeal denied*, 535 Pa. 677, 636 A.2d 636 (1993). A party objecting to the appropriateness of a hypothetical question must specifically identify those elements being challenged to allow opposing counsel the opportunity to correct the alleged defects. *Holy Family College v. Workmen's Compensation Appeal Board (Kycej)*, 84 Pa.Commonwealth Ct. 109, 479 A.2d 24 (1984). The referee did not err in overruling the objection to Dr. Reidbord's testimony because Peasley's testimony established the existence of asbestos in Decedent's work environment. Moreover, the hypothetical question was appropriately based on facts in the record.

The referee properly relied on the testimony of Charles Peasley and Dr. Reidbord, and notwithstanding the referee's error in admitting Cummings' objected-to hearsay testimony, Claimant met her burden of proving that Decedent's occupational disease arose out of and was related to his employment. Accordingly, the decision of the Board is affirmed.

### ORDER

AND NOW, this 16th day of December 1994, the order of the Workmen's Compensation Appeal Board is hereby affirmed.