**Mary E. BENSON, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (HAVERFORD STATE HOSPITAL), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 22, 1995.

Decided Dec. 4, 1995.

---

Bruce L. Neff, for petitioner.

Jillian Z. Duhl, for respondent.

Before DOYLE and NEWMAN, JJ., and RODGERS, Senior Judge.

DOYLE, Judge.

Mary Benson (Claimant) appeals from an order of the Workmen's Compensation Appeal Board which affirmed an order of the workers' compensation judge (WCJ), dismissing Claimant's petition for reinstatement of benefits and granting the termination petition of Haverford State Hospital (Employer).

On October 11, 1991, Claimant sustained a work-related injury when she was kicked in the back by a patient while working as a psychiatric aide for Employer. Based on this injury, a notice of compensation payable was issued and Employer commenced paying Claimant benefits of $294.80 per week, based on an average weekly wage of $442.40. On August 3, 1992, Claimant returned to work in a light-duty capacity, at which time her bene-

fits were suspended pursuant to a supplemental agreement.

On November 16, 1992, Claimant filed a petition to reinstate compensation in which she alleged that her disability from the October 11, 1991 injury had not ceased and that her original injuries had worsened so that she was unable to continue working as of October 1, 1992. Employer categorically denied Claimant's allegations. In addition, on February 18, 1993, Employer filed a petition to review medical treatment and a petition to terminate Claimant's benefits. In the termination petition, Employer alleged that Claimant had fully recovered from her work-related injuries as of January 21, 1993. Claimant denied the allegations contained in Employer's petitions, and consolidated hearings were scheduled before WCJ Fred Troilo.

At a hearing held on January 27, 1993, Claimant testified not only about her original work injury, but also about how she had experienced new pain in her legs and neck after returning to work in a light-duty capacity in August of 1992. Claimant also offered the deposition testimony of Dr. William Simon, a board certified orthopedic surgeon. Dr. Simon testified that Claimant suffered from "cervical and lumbar discogenic syndrome which was superimposed upon pre-existing degenerative changes in [Claimant's] neck and back." (Finding of Fact No. 9.) Dr. Simon further stated that Claimant suffered from degenerative changes consistent with a woman of her age and that his review of the diagnostic tests performed on Claimant revealed wear and tear arthritis in her lower back. However, when asked whether he could state within a reasonable degree of medical certainty the cause of Claimant's back injury, he was unable to do so since he had not examined her prior to October 11, 1991,[1] and since sufficient medical records with which he could make any specific conclusions regarding the cause of her disability, did not exist for the time period preceding her accident.

---

1. Claimant's treating physician was Dr. Joel Mascaro. Dr. Mascaro did not testify on Claimant's behalf in this proceeding. Claimant admitted that Dr. Mascaro had prescribed both a TNS unit and a lumbar back brace, but she had chosen not to use either. Dr. Simon never treated Claimant, but did examine her on two occasions in 1993, approximately a year and a half after Claimant's initial injury, in preparation for his deposition.

Employer presented the deposition testimony of Dr. Robert Cohen who testified that he first examined Claimant on April 22, 1992, at which time he diagnosed her as having a left paravertebral muscle strain/sprain and suffering from a left lumbosacral stretch injury. Dr. Cohen further testified that he again examined Claimant on January 21, 1993, and stated that although Claimant made various subjective complaints of pain, he could not detect any muscle spasms in the sacral area and he could not relate any of her complaints to a mid-thoracic spine injury. Based on his examination, Dr. Cohen concluded that Claimant's previous "post columbar sprain/strain syndrome was now fully cleared, without any residual findings.... and that the Claimant had recovered from her work injury of October 11, 1991, and could return to work...." (Finding of Fact No. 12.)

On March 28, 1994, prior to the close of evidence in this case, Employer submitted records from Nationwide Insurance Company stating that Claimant had been involved in an automobile accident on April 1, 1993. Among these records was a letter which allegedly supported the fact that Claimant was "almost completely symptom free" prior to the car accident of April 1, 1993. Claimant objected to the admission of these records as inadmissible hearsay and as irrelevant.[2] Nonetheless, WCJ Troilo admitted the records into evidence over Claimant's objection.

In a decision dated June 2, 1994, WCJ Troilo dismissed Claimant's petition for reinstatement of benefits and granted Employer's termination petition as of January 21, 1993. The WCJ concluded that Claimant had failed to prove that she had suffered a recurrence of her October 11, 1991 work-related injury and that Employer had met its burden of proving that Claimant had fully recovered from her work-related injury as of January 21, 1993. In reaching this decision, the WCJ accepted the testimony of Dr. Cohen as credible and unequivocal, and specifically rejected the testimony of Dr. Simon as not credible or persuasive regarding the question of whether Claimant's disability had ceased.

In addition, regarding the records of Nationwide Insurance Company which were admitted over Claimant's objection, the WCJ found as follows:

On March 28, 1994, Judge Troilo admitted into evidence the records from Nationwide Insurance Company verifying that the Claimant was involved in an automobile accident on April 1, 1993. A letter dated September 16, 1993 to Dr. Bonner included in the evidence, stated that Claimant was almost completely symptom free until April 1, 1993, when she was involved in a motor vehicle accident that aggravated her back and neck. The Judge finds this evidence persuasive on the issue of whether the Claimant's continuing complaints are related to the work injury of October 11, 1991.

(Finding of Fact No. 14.)

Claimant appealed the WCJ's decision to the Board, arguing, *inter alia,* that it was not supported by substantial evidence and that the WCJ's conclusion that Claimant's disability had ceased was predicated upon inadmissible hearsay evidence contained in the objected to records from Nationwide Insurance Company to which there had been an objection. The Board denied Claimant's appeal on the grounds that there was substantial evidence in the record to support the WCJ's decision. The Board concluded that the WCJ, as the sole fact finder, having the authority to weigh conflicting evidence and determine questions of credibility, acted within his discretion when he accepted Dr. Cohen's testimony, and rejected Dr. Simon's testimony. Regarding the question of the admissibility of the Nationwide Insurance records, the Board found that the WCJ did not commit an error of law since workers'

---

**2.** Claimant's hearsay objection will be discussed at length later in this opinion. Regarding the relevancy of the insurance records, Claimant pointed out that the automobile accident occurred after Claimant had testified and after both Dr. Simon and Dr. Cohen made their final examinations of Claimant. Claimant argued that since the insurance records related solely to subsequent events, they did not have any probative value concerning the issue of whether Claimant had suffered a recurrence of her original work-related injuries or whether her disability had completely terminated prior to April 1, 1993.

compensation proceedings are not governed by the formal rules of evidence. Additionally, the Board held that even if the WCJ did commit error by allowing the evidence to be admitted, such error was harmless since Dr. Cohen's testimony by itself was sufficient to support the WCJ's decision in this case. Claimant appeals the Board's decision to this Court.[3]

On appeal, Claimant raises the following issues for our review: (1) whether the WCJ erred in finding that Claimant did not meet her burden of establishing that she suffered a recurrence of her work-related injury and was entitled to have her benefits reinstated; (2) whether the WCJ erred by admitting records from the Nationwide Insurance Company as substantive evidence in this case over the hearsay objections of Claimant; (3) whether the Board erred in holding that if the WCJ did commit error in allowing the records from Nationwide Insurance Company into evidence, such error was harmless; and (4) whether the WCJ's decision terminating Claimant's benefits was supported by substantial evidence.

■ Claimant's first argument is that the WCJ incorrectly concluded that she had failed to meet her burden of establishing that she had suffered a recurrence of her original injury. In the present case, Claimant alleged that she had a recurrence of her original disability after she had returned to work and her benefits had been suspended. For her benefits to be reinstated, Claimant had the burden of proving that her earning power was once again adversely affected by her disability and that her original disability in fact continues. *Pieper v. Ametek–Thermox Instruments Division*, 526 Pa. 25, 584 A.2d 301 (1990). Furthermore, Claimant had the burden of showing that her disability continued by offering unequivocal medical testimony. *Galbreath v. Workmen's Compensation Appeal Board (Eunice Gordon, Quality Cleaners)*, 156 Pa.Cmwlth. 378, 627 A.2d 287 (1993), *petition for allowance of appeal denied*, 537 Pa. 643, 644 A.2d 165 (1994).

■ Claimant clearly failed to meet this burden in the present case. The WCJ rejected as not credible the medical testimony of Dr. Simon, Claimant's sole medical expert. By failing to produce credible medical testimony, which was legally necessary for her to prevail on the issue of whether her original disability continued, Claimant did not sustain her burden.

■ Although Claimant ostensibly contends that the WCJ did not use the correct legal standard of proof in this case, a careful reading of her brief shows that she is merely arguing that the WCJ did not properly weigh the evidence when he reached his decision. However, it is a well-established principle that the WCJ is the ultimate finder of fact in a workers' compensation case, having the sole authority to assess the credibility of witnesses and resolve conflicting testimony. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 531 Pa. 287, 612 A.2d 434 (1992). The WCJ in the present case found essential medical testimony given by Claimant's expert witness to lack credibility. Furthermore, based on the expert medical testimony presented by Employer, the WCJ found that Claimant's disability had ceased as of January 21, 1993. Therefore, Claimant has not demonstrated that the WCJ used an improper standard in making these specific findings or in arriving at his ultimate decision.[4]

---

3. Our scope of review is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Magayna v. Workmen's Compensation Appeal Board (Jones and Laughlin Steel Corp.)*, 115 Pa.Cmwlth. 268, 539 A.2d 952 (1988).

4. In addition to denying Claimant's petition for reinstatement of benefits, the WCJ granted Employer's termination petition. In order to prevail in a termination petition, an employer must dem-

onstrate through competent medical evidence that all disability has ceased and that the claimant has fully recovered from his or her work-related injury. *Koszowski v. Workmen's Compensation Appeal Board (Greyhound Lines, Inc.)*, 141 Pa.Cmwlth. 253, 595 A.2d 697 (1991). We note that by making the factual finding that Claimant's disability had ceased, the WCJ was precluded as a matter of law, and of logic, from finding that the Claimant was again disabled. Therefore, regardless of whether the WCJ applied the wrong burden of proof, the facts as found by the WCJ would warrant the termination of Claim-

Claimant's second argument is that the WCJ erred by admitting records from the Nationwide Insurance Company as substantive evidence over the hearsay objections of Claimant. Conversely, Employer contends that, since workers' compensation proceedings are not governed by the statutory and common law rules of evidence, the WCJ acted within his discretion by allowing the records into evidence.[5] Employer further argues that even if the WCJ did commit error in allowing the evidence in, the Board was correct in determining that any error committed by the WCJ was harmless and does not warrant overturning the WCJ's decision.

■ Employer is correct that under Section 422 of the Workers' Compensation Act,[6] proceedings before the WCJ are not "bound by the common law or statutory rules of evidence in conducting any hearing." 77 P.S. § 834. However, Section 422 of the Act also requires that "all findings of fact shall be based upon sufficient competent evidence to justify same." *Id.* While we have previously interpreted this section as allowing *unobjected* to hearsay evidence to be used to support a finding of fact if it is corroborated by other competent evidence in the record, properly *objected* to hearsay is not competent evidence and must be excluded from the record.[7] *See,*

*e.g., McCray v. Workmen's Compensation Appeal Board (Preschool Development Programs, Inc.),* 167 Pa.Cmwlth. 402, 648 A.2d 348 (1994); *Kondrat v. Workmen's Compensation Appeal Board (Westinghouse Electric Corp.),* 145 Pa.Cmwlth. 428, 603 A.2d 689 (1992), *petition for allowance of appeal denied,* 532 Pa. 648, 614 A.2d 1144 (1992).

■ Since Claimant properly objected to the reports from Nationwide Insurance Company as hearsay, the WCJ clearly erred in admitting them into evidence and relying upon them in making Finding of Fact No. 14.[8] *See McCray.* Therefore, we find that Finding of Fact No. 14 was not supported by competent evidence and could not be used to support the WCJ's decision.

■ Nevertheless, we may still uphold the WCJ's decision if the WCJ's error was harmless. The decision was made based on the testimony of Dr. Simon and Dr. Cohen. The WCJ accepted the testimony of Employer's medical expert, Dr. Cohen, as credible. Dr. Cohen's testimony, standing alone, was sufficient to support the essential findings necessary for the WCJ's ultimate conclusion in this case. *See Nabisco, Inc. v. Workmen's Compensation Appeal Board (Cummings),* 651 A.2d 716 (Pa.Cmwlth.1994) (admitting

ant's benefits and the denial of her reinstatement petition in any case. *See Haney v. Workmen's Compensation Appeal Board,* 65 Pa.Cmwlth. 461, 442 A.2d 1223 (1982) (appellate court may affirm the decision of the WCJ if it is supported by the record even if the WCJ failed to apply the correct legal standard in reaching decision).

5. We note that Employer does not argue that the evidence in question is not hearsay or that it was admissible under an established exception to the hearsay rule.

6. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 834.

7. This evidentiary rule used in workers' compensation cases and in other administrative proceedings is commonly known as the *Walker* rule. It was first adopted by this Court in *Walker v. Unemployment Compensation Board of Review,* 27 Pa.Cmwlth. 522, 367 A.2d 366 (1976). It has subsequently been held to apply in workers' compensation cases. *See, e.g., Gallick v. Workmen's Compensation Appeal Board (Department of Environmental Resources, Bureau of Human Resources Management),* 108 Pa.Cmwlth. 617, 530 A.2d 945 (1987).

8. Employer additionally argues that under prior case law hearsay evidence, even if objected to, may be considered if corroborated by other evidence for the "additional light it sheds on the matter." *Huff v. Workmen's Compensation Appeal Board (Ingalls Steel of Pennsylvania),* 70 Pa.Cmwlth. 646, 453 A.2d 753, 755 (1982); *see also, Cody v. S.K.F. Industries, Inc.,* 447 Pa. 558, 291 A.2d 772 (1972); *Irwin Sensenich Corp. v. Workmen's Compensation Appeal Board,* 15 Pa. Cmwlth. 518, 327 A.2d 644 (1974). While Employer's argument would be valid if Claimant had not objected to Employer's hearsay evidence, it is without merit under the facts of this case. A review of the cases relied upon by Employer reveals that the hearsay evidence at issue in those cases was either not objected to or was admissible under an exception to the hearsay rule. To the extent that any of the cases relied upon by Employer might suggest that objected to hearsay could be used as substantive evidence in an administrative proceeding, the *Walker* line of cases has clearly established that the use of hearsay evidence is strictly limited to cases where there is both corroborating evidence and where no objection was made on the record.

hearsay testimony into evidence over objection of claimant was harmless error where there was other competent evidence which, standing alone, supported the decision). Finding of Fact No. 14 did not directly relate to the central issues of this case and there is no reason to believe that it tainted the WCJ's other factual findings. Therefore, we find that all of the WCJ's findings of fact, with the exclusion of Finding of Fact No. 14, are amply supported by the record and the error which the WCJ committed in admitting the objected to evidence was harmless.

■ Claimant's final argument which we must consider is that the WCJ's decision to terminate her benefits was not supported by substantial evidence. Substantial evidence is such relevant evidence that a reasonable person might accept as adequate to support a conclusion. *Grabish v. Workmen's Compensation Appeal Board (Trueform Foundations, Inc.)*, 70 Pa.Cmwlth. 542, 453 A.2d 710 (1982). As discussed extensively above, Dr. Cohen, Employer's medical expert, testified that Claimant was no longer disabled and the WCJ accepted this testimony as credible. Contrary to the assertions of Claimant, we find that Dr. Cohen's testimony was unequivocal and competent.[9] As such, it constituted substantial evidence in support of the WCJ's decision to both terminate benefits and deny Claimant's reinstatement petition.

Accordingly, we affirm the order of the Board denying Claimant's reinstatement petition, but granting Employer's termination petition.

### ORDER

NOW, December 4, 1995, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

---

9. We note that even if the entire testimony of Claimant's medical expert, Dr. Simon, had been accepted by the WCJ as credible, it was equivocal and would have been insufficient to support an award reinstating benefits. *See Galbreath.* Dr. Simon testified that Claimant was disabled, but was unable to state within a reasonable degree of medical certainty that Claimant's current disability was causally related to her work-related injury. Conversely, Dr. Cohen was able to testify within a reasonable degree of medical certainty that Claimant's disability had ceased.