Harbison-Walker and Continental Insurance Company, Insurance Carrier, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Russell Varner, Respondents.

Argued November 3, 1978, before Judges Mencer, DiSalle and Craig, sitting as a panel of three.

*Raymond F. Keisling*, with him *Will & Keisling*, for petitioners.

*Samuel R. DiFrancesco, Sr.*, for respondents.

Opinion by Judge Mencer, February 23, 1979:

Harbison-Walker (Harbison) and its insurance carrier, Continental Insurance Company, have appealed an order of the Workmen's Compensation Appeal Board (Board) granting temporary, total disability benefits to Russell Varner because of silicosis, pursuant to the occupational-disease provisions of The Pennsylvania Workmen's Compensation Act (Workmen's Compensation Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq. We affirm.

Claimant was employed by Harbison from January 23, 1942 to February 1, 1976 in several positions, all of which involved exposure to a considerable amount

of dust containing silicon dioxide. After a medical examination on January 16, 1975, claimant was found to be totally and permanently disabled because of silicosis caused by his employment. Despite this diagnosis, however, claimant continued working at Harbison until February 1, 1976.

After giving proper notice to Harbison of his disability, claimant filed a petition, dated October 14, 1975, for total disability benefits under The Pennsylvania Occupational Disease Act, Act of June 21, 1939, P.L. 566, *as amended*, 77 P.S. §1201 et seq. Subsequently, claimant amended his petition to bring it under Section 108(k) of the Workmen's Compensation Act, added by Section 1 of the Act of October 17, 1972, P.L. 930, 77 P.S. §27.1(k). A referee found that claimant was totally disabled as of February 1, 1976 and awarded compensation at the rate of $187 per week, according to the compensation schedule in effect on the date of claimant's disability.

The only issue raised by Harbison on this appeal is the rate of compensation paid claimant. Harbison argues that, since claimant was found to be totally disabled from a medical standpoint on January 16, 1975, he should be compensated based on the applicable 1975 disability schedule instead of the 1976 schedule utilized by the referee. It is well settled, however, that disability within the meaning of the Workmen's Compensation Act encompasses more than mere medical disability. Many factors go into its makeup, including a claimant's loss or diminution in earning power. *See Borough of Catawissa v. Shultz*, 9 Pa. Commonwealth Ct. 546, 308 A.2d 633 (1973); *Lackman v. F. W. Woolworth Co.*, 205 Pa. Superior Ct. 129, 208 A.2d 33 (1965). As stated in *Unora v. Glen Alden Coal Co.*, 377 Pa. 7, 12, 104 A.2d 104, 107 (1954),

> [t]otal disability, however, in the nomenclature of workmen's compensation proceedings imports

economic as well as physical findings. Professor Arthur Larson, presently dean of the University of Pittsburgh Law School, well stated in his book on Workmen's Compensation Law (Vol. 2, Sec. 57, 10, pp. 2, 3) that: '. . . the disability concept is a blend of two ingredients, . . . the first ingredient is disability in the medical or physical sense, as evidenced by obvious loss of members or by medical testimony that the claimant simply cannot make the necessary muscular movements and exertions; the second ingredient is defacto inability to earn wages, as evidenced by proof that claimant has not in fact earned anything. . . .

'The proper balancing of the medical and the wage-loss factors is, then, the essence of the "disability" problem in workmen's compensation.'

In the interpretation of the Workmen's Compensation Act the word 'disability' is to be regarded as synonymous with 'loss of earning power.' Chief Justice KEPHART expressed this proposition with praiseworthy accuracy and succinctness in Woodward v. Pittsburgh Engineering & Construction Co., 293 Pa. 338, 340: 'The disability contemplated by the act is the loss, total or partial, of the earning power from the injury.'

Since it was undisputed that claimant was receiving wages from Harbison and hence suffered no loss of earning power until February 1, 1976, the referee was justified in finding that claimant was not partially or totally disabled until February 1, 1976. Therefore, he correctly determined claimant's compensation rate according to the 1976 compensation schedule. *See* 2 A. Barbieri, *Pennsylvania Workmen's Compensation and Occupational Disease* §7.02(1) (1975). Since Harbi-

son does not allege any error in that calculation, we enter the following

ORDER

AND Now, this 23rd day of February, 1979, the appeal of Harbison-Walker and Continental Insurance Company is hereby dismissed, and the order of the Workmen's Compensation Appeal Board, dated January 16, 1978 is affirmed. Accordingly, it is ordered that judgment be entered in favor of Russell Varner and against Harbison-Walker and Continental Insurance Company in the amount of $187 per week, beginning February 1, 1976 and continuing until such time as the disability changes in nature or extent or ceases and terminates, together with interest at the rate of 10 percent per annum on deferred payments of compensation from the date due to the date paid, all within the terms and limits of The Pennsylvania Workmen's Compensation Act.

Harbison-Walker and Continental Insurance Company are further directed to pay approved attorney's fees of $1500 directly to claimant's counsel, S. R. DiFrancesco, Sr., Esquire, from the first lump sum amount due to claimant.