Richard M. Grabish, Petitioner *v.* Workmen's Compensation Appeal Board (Trueform Foundations, Inc. and PMA Insurance Company), Respondents.

Argued October 6, 1982, before President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*Richard T. Williams, Sr.,* for petitioner.

*Edward G. Kuyat, Jr.,* for respondents, Trueform Foundations, Inc. and PMA Insurance Company.

OPINION BY JUDGE MACPHAIL, December 27, 1982:

Claimant[1] appeals here from an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's decision which granted Employer's[2] Petition for Termination and held that all disability resulting from Claimant's injury ceased as of July 24, 1978.

Claimant was accidentally injured on October 26, 1977, while performing services for his Employer. He sustained a fracture to the navicular bone of the left wrist which caused him to be totally disabled. Compensation was paid to Claimant at the weekly disabil-

---

[1] Richard M. Grabish.

[2] Trueform Foundations, Inc.

ity rate of $69.89 from November 3, 1977 to July 23, 1978 inclusive, totalling $2,626.05. On August 8, 1978, Employer filed a termination petition based on Dr. Patrick B. Respet's[3] signed Physician's Affidavit of Recovery stating that Claimant had fully recovered from his injury and was able to resume his previous occupation without limitation. Claimant filed an Answer to this Petition for Termination alleging that he still remained disabled as a result of the injury he sustained on October 26, 1977, and that Dr. William C. Go, Claimant's physician, supported this assertion and stated that Claimant needed surgery, either bone graft surgery to unite the bone, or excision of the bone fragment which is causing the problem.

In its decision, the Board held that the referee did not commit any errors of law and that Dr. Respet's affidavit fully substantiates the referee's findings of fact that Claimant fully recovered from the injury. On that basis the Board stated that the Employer met its burden of proving the disability had ceased and therefore that termination of benefits was proper.

In a proceeding for termination the Employer has the burden of proving that the Claimant's disability has ceased or has been reduced and that work is available to the Claimant which the Claimant is capable of doing. *Republic Steel Corp. v. Workmen's Compensation Appeal Board,* 54 Pa. Commonwealth Ct. 509, 512, 422 A.2d 228, 229 (1980). Since the Employer prevailed below, our review is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether the necessary findings of fact were supported by substantial evidence. *Workmen's Compensation Appeal Board v.*

---

[3] Dr. Respet is an orthopedic surgeon who examined Claimant at the Employer's insurance carrier's request and who testified in support of Employer's Termination Petition.

*Kelly Steel Erectors, Inc.,* 25 Pa. Commonwealth Ct. 329, 361 A.2d 478 (1976). Before this Court Claimant's only challenge concerns the finding that his disability has ceased. He alleges this finding is not supported by substantial evidence.

Dr. Respet testified that he "could see evidence of a fracture through the bone" but that he interpreted it as being healed. He further testified concerning his findings upon examining Claimant as follows:

> I could find no swelling about the wrist and found him to have mild tenderness to pressure over the area of the navicular bone. He had full motion of the wrist with the exception of dorsi flexion which was approximately five degrees less than his normal side. The other motions were full. That was the basis of the physical examination.

Dr. Respet then stated that he was aware of the duties involved in Claimant's job. He stated he knew Claimant was a general laborer for his Employer and that he had to handle boxes and other materials. When asked "Do you have an opinion from this examination, from the history taken, and from the x-ray films as to whether or not the Claimant was able to return to his job doing unlimited work?" He said, "I felt he could return to the job described." On cross-examination Dr. Respet stated he saw the x-rays which were taken subsequent to the x-rays he had ordered. When asked if the fracture was present in the subsequent x-rays he stated:

> There's [sic] residuals of fracture there. It may be a non-union or it may indeed be just the radiographic abnormality that usually accompanys navicular fractures. It's difficult to be absolutely certain whether that is indeed healed or not, but I'd expect it probably is not.

Despite the fact Dr. Respet concedes a non-union fracture is present, he still maintained that Claimant was able to return to work without limitation and that his disability had ceased. Dr. Respet explains in the following excerpt of his testimony that other factors entered into his opinion that Claimant was able to return to work besides whether or not Claimant's fracture had totally united.

Let me clarify that further. We're talking about two things. We're talking about a person and their ability to work, and we're talking about an x-ray which may or may not be directly related. I think when I form an opinion as to a person's ability to work, that is a thing that takes in the factors of the historical data, the physical examination and then any subsequent laboratory studies that are done. And, at the time I felt that he had minimal symptoms and felt that he could return to work largely on the basis of my physical examination and to a lesser degree on the basis of the x-rays.

Claimant on the other hand contends that if the fracture still exists as Dr. Respet concedes, and it was the fracture which caused the disability in the first place, then the disability must still be present and Employer failed to meet his burden of proving that Claimant's disability had ceased. We disagree with this analysis. As we have stated numerous times, "disability" within the meaning of the Pennsylvania Workmen's Compensation Act (Act) encompasses more than mere medical disability. Many factors enter into its determination including a claimant's loss or diminution in earning power. *Harbison-Walker v. Workmen's Compensation Appeal Board*, 40 Pa. Commonwealth Ct. 556, 397 A.2d 1284 (1979). Merely because the non-union of a bone is present is not determinative on the issue of whether Claimant can return

to work. In the instant case Dr. Respet stated that Claimant had minimal symptoms as of the date of his exam. It is for that reason Dr. Respet opined that Claimant could return to work.

What we face here is a classic case of conflicting medical opinion testimony. Dr. Respet was of the opinion as of the date of his examination on July 21, 1978, that Claimant had fully recovered from his injury and was able to resume his prior occupation without limitation. His testimony on August 30, 1979, affirmed that opinion. This is certainly substantial evidence from which a referee might properly conclude that disability had terminated. Dr. Go was of the opinion that Claimant could not return to work and perform his normal duties. This is certainly substantial evidence from which a referee might properly conclude that disability had *not* terminated. The conflict is not about whether the fractured bone had completely healed or whether an operation was necessary or desirable; rather, the conflict is about whether the Claimant is able to return to work and perform his normal duties.[4] As we have said so many times the resolution of such a conflict is for the referee and if the referee accepts evidence which a reasonable mind might accept as adequate to support the conclusion reached, then we are precluded from disturbing the referee's findings even though there is evidence to the contrary and even though we might have resolved the conflict differently. *American Refrigerator Equip-*

---

[4] Dr. Respet testified:

That's hard to say because we do see people who have non-unions of naviculars that they're unaware of and go on for years using the wrist and they really aren't aware that it's present. Other times, it's so acutely painful that people can do very little with it. I think it depends so much on the individual circumstances of the person rather than what the x-rays show.

*ment Co. v. Workmen's Compensation Appeal Board,*
31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977).

In recognition of the limited scope of our review, we are unable to say that the referee's findings are not supported by substantial evidence. Since that is the sole issue raised by the Claimant in this appeal, the order of the referee must be affirmed.

### ORDER

It is ordered that the order of the Workmen's Compensation Appeal Board dated August 20, 1981, and numbered A-79703 granting Termination Petition S.S. 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, as of July 24, 1978, is hereby affirmed.

Judge DOYLE dissents.