IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles Rodgers,                          :
               Petitioner          :
                                  :
               v.                 :
                                    :
Workers' Compensation Appeal               :
Board (International Steel Group,           :
 A.K.A. ISG Coatesville),                 :     No. 191 C.D. 2015
               Respondent        :     Submitted:  June 26, 2015

BEFORE:   HONORABLE BERNARD L. McGINLEY, Judge
              HONORABLE MARY HANNAH LEAVITT, Judge
              HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE McGINLEY                FILED:  August 25, 2015

Charles Rodgers (Claimant) petitions for review of a Workers' Compensation Appeal Board (Board) Order which affirmed the Workers' Compensation Judge's (WCJ) grant of the International Steel Group, A.K.A. ISG Coatesville's (Employer) Petition to Modify Benefits (Modification Petition).

## I. Background.

On February 1, 2004, Claimant suffered a work-related injury which was described as "bilateral rotator cuff tears." Stipulation of Fact, June 17, 2005, No. 4 at 1. He was awarded workers' compensation benefits at the rate of $690.00 per week, based on an average weekly wage (AWW) of $1,252.23. Stipulation of Fact, June 17, 2005, No. 5 at 1.

On or about October 22, 2012, Employer filed a Request for Designation of Physician to perform an Impairment Rating Evaluation (IRE).

By letter dated November 7, 2012, Claimant's counsel objected to the Request for Designation of Physician and contended that the Workers' Compensation Act (Act)[1] requires "good-faith" efforts to select a mutually agreeable physician as a prerequisite to Employer's Request.

The Bureau of Workers' Compensation (Bureau) circulated a Notice of Impairment Rating Evaluation (IRE) Appointment on November 13, 2012.

By letter dated November 20, 2012, Claimant's counsel reiterated his objection.

By email dated January 19, 2013, Employer proposed two physicians, including Karl Rosenfeld, M.D., (Dr. Rosenfeld), board-certified in orthopedic surgery, to perform the evaluation.

By email dated January 20, 2013, Claimant's counsel agreed with the selection of Dr. Rosenfeld, "assuming Dr. Rosenfeld does meet the current requirements." *See* Claimant's Exhibit C-4. Claimant's counsel requested documentation of Dr. Rosenfeld's qualifications to perform IREs.

---

[1] Act of June 2, 1915 P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4; 2501-2708.

By letter dated February 4, 2013, Employer's counsel scheduled an appointment with Dr. Rosenfeld to occur on March 20, 2013, and provided stated documents that purported to establish Dr. Rosenfeld's "approval" to conduct IREs.

Employer's counsel's letter of February 14, 2013, to the Bureau enclosed a copy of the scheduling notice for filing.

A third copy of Claimant's letter of objection was sent to Employer's counsel on February 15, 2013.

Dr. Rosenfeld was provided an itemized package of documents by Employer's counsel by letter dated February 25, 2013.

By email dated March 12, 2013, Claimant's counsel reiterated his request for documentation of Dr. Rosenfeld's "current approval" because the documents previously supplied were from 2008.

In an exchange of emails between counsel on March 15, 2013-March 16, 2013, Claimant's counsel continued to assert the documentation provided by Employer did not establish Dr. Rosenfeld's current approval to conduct IREs, but that Claimant would attend the examination with the understanding that the issue of Dr. Rosenfeld's qualifications would be reserved for any subsequent litigation challenging Claimant's disability status based on the results of the exam.

Employer filed a Modification Petition based upon the results of the IRE report of Dr. Rosenfeld, who concluded that there was an eight percent whole body impairment.

Employer submitted the deposition testimony of Dr. Rosenfeld. Deposition of Karl Rosenfeld, M.D., July 23, 2013, (Dr. Rosenfeld Deposition), at 11. Dr. Rosenfeld reviewed Claimant's medical records and history and performed an IRE of Claimant on March 20, 2013. Dr. Rosenfeld Deposition at 11-13. Dr. Rosenfeld relied upon the various tables and charts of the Sixth Edition of the *Guides to the Evaluation of Permanent Impairment*.[2] Dr. Rosenfeld Deposition at 18-24. Dr. Rosenfeld explained that maximum medical improvement (MMI) is defined as, "Status where patients are as good as they're going to be from the medical and surgical treatments available to them." Dr. Rosenfeld Deposition at 25. There was nothing in Dr. Rosenfeld's physical examination that led him to believe that Claimant was not at MMI. Dr. Rosenfeld Deposition at 31.

Claimant did not present any independent medical testimony.

The WCJ granted Employer's Modification Petition and determined:

5. On review, the undersigned finds the testimony and opinions of Dr. Rosenfeld to be credible and persuasive; his opinions support an eight (8%) percent impairment rating as of his evaluation on March 20, 2013. These

---

[2] American Medical Association's *Guides to the Evaluation of Permanent Impairment*, Robert D. Rondinelli et al., American Medical Association, *Guides to the Evaluation of Permanent Impairment*. (6th edition 2008) (*Guides*).

conclusions are accepted, and relief will be granted to the Employer on the captioned Modification Petition.

6. As presented, Claimant's challenge to the opinions of Dr. Rosenfeld related to the necessity for a finding of Maximum Medical Improvement ('MMI')- a prerequisite to a valid impairment rating. As noted by Claimant in post-hearing submissions, 'Dr. Rosenfeld concluded that Claimant had reached 'Maximum Medical Improvement' based solely on records provided by defendant [Employer]- the most recent of which were years pre-dating his examination- and the amount of time that has transpired since the injury occurred.'

7. The contentions of the Claimant do not warrant a rejection of Dr. Rosenfeld's conclusions as to MMI. Initially, it is noted that the medical records referenced by Dr. Rosenfeld, and the passage of time…support the finding of MMI (including the element of permanency as encompassed within MMI). In this connection, it appears Claimant last received medical attention for his 2004 work injuries (bilateral rotator cuff tears, with surgeries in 2004 and 2005) in 2009; at that time, the records indicate Claimant's condition, both subjectively from claimant's standpoint, and objectively from the physician's standpoint remained unchanged from 2008…. Moreover, Claimant had not returned for additional follow up with his surgeon for more than eight years…. In addition, it is observed that while Claimant had not fully recovered from his injuries, he was not on any medication. Dr. Rosenfeld further concluded Claimant was in a 'state of permanency' as of his evaluation…; Claimant's medical condition as related to the work injuries was stabilized….There was nothing in his physical examination, his history, or a review of records to lead one to believe further surgery was needed or any further substantive medical treatment was required…. The testimony and opinions of Dr. Rosenfeld were detailed and well explained; cross examination did not undermine his opinions….

5

WCJ's Decision and Order, January 14, 2014, (WCJ's Decision), Findings of Fact (F.F.) Nos. 5-7 at 1-2.[3]

> Claimant appealed to the Board. The Board affirmed and determined:
>
> A careful review of the record reveals no error. The WCJ determined Claimant had reached MMI based on the credible opinion of Dr. Rosenfeld, upon the medical records that establish Claimant has sought no treatment for his work injury in many years, and upon Dr. Rosenfeld's examination that established while not fully recovered, Claimant's condition is as good as it is going to be. This explanation meets the standard for MMI as defined by Combine [v. Workers' Compensation Appeal Board (National Fuel Gas Distribution Corporation), 954 A.2d 776 (Pa. Cmwlth. 2008)]. As such, the WCJ did not err in determining Claimant has reached MMI such that the IRE was appropriate, and Defendant [Employer] was entitled to a modification of Claimant's benefits.
>
> Claimant argues the WCJ improperly shifted the burden of proof from Defendant [Employer]. We disagree. Our review of the record establishes the WCJ properly placed the burden of proof on Defendant [Employer] to establish it was entitled to the modification. Although the WCJ found Claimant submitted no independent medical testimony to rebut the testimony of Dr. Rosenfeld, and certainly Claimant was not required to do so, the WCJ did not base his findings on Claimant's failure to submit evidence, but upon his acceptance of the evidence submitted by Defendant [Employer]. Therefore, Claimant's argument in this regard is rejected.

Board's Opinion, February 6, 2015, at 3-4.

---

[3] Not all of the pages of the Reproduced Record are numbered.

## II. Present Controversy.

Claimant raises[4] four issues on appeal.[5] Essentially, Claimant contends that the Board erred when it affirmed the WCJ's grant of Employer's Modification Petition because the WCJ improperly shifted the burden of proof to Claimant, the WCJ's credibility determinations were not supported by substantial evidence, and the WCJ failed to issue a reasoned decision.[6]

First, Claimant argues that the Board erred when it affirmed the WCJ's decision because Employer failed to establish that Claimant received the 104th week of "total disability" benefits and that the burden of proof was improperly shifted to Claimant.

---

[4] This Court's review is limited to a determination of whether an error of law was committed, whether necessary findings of fact are supported by substantial evidence, or whether constitutional rights were violated. *Vinglinsky v. Workmen's Compensation Appeal Board (Penn Installation)*, 589 A.2d 291 (Pa. Cmwlth. 1991).

[5] In his Statement of Issues Presented, Claimant lists the following:
> 1. Whether the WCAB [Board] failed to recognize that the WCJ improperly shifted the burden of proof to claimant?
> 2. Whether the WCAB [Board] failed to recognize that the credibility determinations were not properly reasoned?
> 3. Whether the WCAB [Board] failed to recognize that the 'scheme' of the WCJ's findings of fact and credibility determinations resulted in a conclusion that 'could not logically be reached'?
> 4. Whether the WCAB [Board] failed to ascertain and apply the proper definition of an injury 'reasonably presumed to be permanent'?

Claimant's Brief at 3.

[6] This Court has foregone the order of Claimant's arguments.

Section 306(a.2) of the Act,[7] 77 P.S. §511.2(1), provides, in pertinent part:

> [F]or a period of one hundred four weeks, unless otherwise agreed to, the employe shall be required to submit to a medical examination which shall be requested by the insurer within sixty days upon the expiration of the one hundred four weeks to determine the degree of impairment due to the compensable injury, if any. The degree of impairment shall be determined based upon an evaluation by a physician who is licensed in this Commonwealth, who is certified by an American Board of Medical Specialties approved board or its osteopathic equivalent and who is active in clinical practice for at least twenty hours per week, chosen by agreement of the parties, or as designated by the department, pursuant to the most recent edition of the American Medical Association 'Guides to the Evaluation of Permanent Impairment.'

77 P.S. § 511.2(1).

The General Assembly also provided that:

> Total disability shall continue until it is adjudicated or agreed under [Section 306(b) of the Act, 77 P.S. § 512] that total disability has ceased or the employe's condition improves to an impairment rating that is less than fifty per centum of the degree of impairment defined under the most recent edition of the American Medical Association 'Guides to the Evaluation of Permanent Impairment.'

77 P.S. § 511.2(5).

A review of the record reveals that Claimant's 104 weeks of total disability status ended on March 5, 2006. *See* Employer's Exhibit D-2,

---

[7] Section 306(a.2) of the Act was added by the Act of June 24, 1996, P.L. 350.

Impairment Rating Evaluation Appointment, R.R. at 000084. Additionally, when the WCJ questioned Claimant's counsel regarding his decision to contest the IRE Modification Petition, Claimant's counsel conceded that his argument was "that the determination is not credible…because this was requested more than 60 days after the 104 weeks they have to present credible, convincing evidence to establish the change in status." Notes of Testimony, August 21, 2013, at 14. (Emphasis added.)

The Board properly affirmed the WCJ's decision because the record established that Claimant received 104 weeks of total disability. The burden of proof was not improperly shifted to Claimant.

Claimant also contends that the Board erred when it affirmed the WCJ's grant of Employer's Modification Petition because the WCJ's credibility determinations were not supported by substantial evidence.

Substantial evidence is such relevant evidence as a reasonable person might accept as adequate to support a conclusion. *Bethenergy Mines v. Workmen's Compensation Appeal Board (Skirpan)*, 612 A.2d 434 (Pa. 1992). Additionally, in performing a substantial evidence analysis, this Court must review the evidence in a light most favorable to the party who prevailed before the factfinder. *Birmingham Fire Insurance Company v. Workmen's Compensation Appeal Board (Kennedy)*, 657 A.2d 96 (Pa. Cmwlth. 1995). Moreover, the party prevailing before the factfinder is entitled upon appellate review to "have the benefit of the most favorable inferences deducible from the evidence[.]" *Flexer v. Workmen's*

*Compensation Appeal Board (Wilson)*, 317 A.2d 53 (Pa. Cmwlth. 1974). Furthermore, it does not matter that there is evidence in the record which supports a factual finding contrary to that made by the WCJ, rather, the pertinent inquiry is whether there is any evidence which supports the WCJ's factual finding. *Grabish v. Workmen's Compensation Appeal Board (Trueform Foundations)*, 453 A.2d 710 (Pa. Cmwlth. 1982).

In the present case, the WCJ determined that the testimony and opinions of Dr. Rosenfeld were "credible and persuasive." WCJ's Decision, F.F. No. 5 at 1. The WCJ as the ultimate factfinder in workers' compensation cases has exclusive province over questions of credibility and evidentiary weight, and is free to accept or reject the testimony of any witness, including a medical witness, in whole or in part. *General Electric Company v. Workmen's Compensation Appeal Board (Valsamaki)*, 593 A.2d 921 (Pa. Cmwlth.), *petition for allowance of appeal denied*, 600 A.2d 541 (Pa. 1991). Here, the WCJ credited Dr. Rosenfeld's testimony that Claimant's condition remained unchanged from 2008 and Claimant did not return for additional follow-up visits with his surgeon for more than eight years. The WCJ explained that Claimant was not on any medication and "[t]here was nothing in his physical examination, his history, or a review of records to lead one to believe further surgery was needed or any further substantive medical treatment was required." WCJ's Decision, F.F. No. 7 at 1-2.

Claimant also contends that the Board erred when it affirmed the WCJ's conclusion that Claimant reached MMI because Dr. Rosenfeld's testimony failed to establish this.

10

Section 306(a.2)(8)(i), 77 P.S. §511.2, of the Act defines the term "impairment" as a functional abnormality or loss resulting from the work injury that is "reasonably presumed to be permanent." Section 306(a.2) also requires that claimant must reach his or her MMI prior to calculating an impairment rating. Further, the "*Guides* instruct that an individual is at MMI when his condition has become static or stable and that while further deterioration or recovery may occur at some point in the future, one would not expect a change in condition at any time in the immediate future." *Combine v. Workers' Compensation Appeal Board (National Fuel Gas Distribution Corporation)*, 954 A.2d 776 (Pa. Cmwlth. 2008).

Here, Dr. Rosenfeld testified at length about the definition of MMI as found in the *Guides*. Dr. Rosenfeld credibly established that Claimant was at MMI based upon Claimant's medical history and physical examination. This Court is satisfied that the WCJ acted within permissible bounds when he credited Dr. Rosenfeld's medical opinion that Claimant met MMI at the time of the IRE on March 20, 2013. This Court will not reweigh the credibility determinations of the WCJ.

Finally, Claimant argues that the WCJ failed to issue a reasoned decision.

Section 422(a) of the Act, 77 P.S. § 834, provides that the WCJ shall file a "reasoned decision, containing findings of fact and conclusions of law based upon the evidence as a whole which clearly and concisely states and explains the rationale for the decision so that all can determine why and how a particular result

11

was reached." Further, "[t]he workers' compensation judge shall specify the evidence upon which the workers' compensation judge relies and state the reasons for accepting it in conformity with this section." *Daniels v. Workers' Compensation Appeal Board (Tristate Transport)*, 828 A.2d 1043, 1052 (Pa. 2003). A decision is reasoned if it allows for adequate review by the appellate courts. "A reasoned decision is no more, and no less." *Id.*

In the present case, the WCJ set forth concise findings of fact and adequately explained the bases for his factual findings and credibility determinations to sufficiently support appellate review. This Court is satisfied that the WCJ issued a reasoned decision pursuant to Section 422(a) of the Act, 77 P.S. §834.

Accordingly, the decision of the Board is affirmed.

_____
BERNARD L. McGINLEY, Judge

12

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles Rodgers,                        :
                    Petitioner          :
                                        :
          v.                            :
                                        :
Workers' Compensation Appeal            :
Board (International Steel Group,        :
 A.K.A. ISG Coatesville),               :     No. 191 C.D. 2015
                    Respondent          :

# **O R D E R**

AND NOW, this 25th day of August, 2015, the Order of the Workers'
Compensation Appeal Board in the above-captioned matter is affirmed.

_____
BERNARD L. McGINLEY, Judge